24842.   EDWARDS v. THE STATE.

SUBMITTED SEPTEMBER 12, 1968—DECIDED OCTOBER 10, 1968.

*John R. Calhoun,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, William R. Childers, Deputy Assistant Attorney General,* for appellee.

ALMAND, Presiding Justice.   Horace Edwards was convicted of the offense of robbery by force and sentenced to serve a term of 10 years.   He filed an amended motion for new trial which was overruled.   He appeals from the verdict and sentence and the overruling of his motion for new trial enumerating error on five grounds.

Enumerated errors 2, 3, 4 and 5 are the same as grounds 1, 2, 3 and 4 of the amended motion for a new trial.   Enumerated

errors 2, 3 and 4 being deficient for the identical reasons, they will be considered together.

Ground 2 complains of certain remarks made by the prosecuting attorney in the examination of the defendant which were alleged to have been prejudicial to the defendant. Ground 3 complains that the prosecuting attorney made certain remarks on cross examination of the defendant as to his failure to call a named person as a witness. Ground 4 complains of the prosecuting attorney's questioning the defendant as to other criminal charges against him which were inadmissible in evidence and were harmful to the defendant.

The record discloses that counsel for the defendant did not make any objection to the conduct of the prosecuting attorney or to the admission of evidence which for the first time was complained of in the motion for a new trial. Objections to evidence cannot be raised for the first time either in a motion for new trial or on appeal, and the admission of evidence will not be reviewed by this court where no objection was made below to its admission. *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861); *Miller v. Defoor,* 50 Ga. 566 (1). No ruling by the trial court was invoked by the defendant as to the admissibility of the evidence. The failure of the defendant to object to this testimony was a waiver of its admissibility. *Eberhardt v. Bennett,* 163 Ga. 796 (137 SE 64).

■ Ground 5 asserts that the trial court erred in failing to charge the jury the law as to the lesser offense of robbery by snatching (*Code Ann.* § 26-2501).

The only evidence as to the occurrence of the alleged robbery was the testimony of the victim who testified in substance as follows: She rode the bus home from work on the night of the robbery. She was carrying a basket-type pocketbook on her arm. After getting off the bus, she proceeded along a tree-lined street toward her home. The darkness made her uncomfortable, so she tried to keep in the lighted areas. As she was approaching an intersection, where there was a filling station, she suddenly heard footsteps behind her. She turned and saw the defendant approaching her and almost upon her. She started to run, but as she reached the filling station, some ten or twelve feet distant

she was struck from behind by the defendant which caused her to lose her balance. She fell forward, breaking her left arm and causing her pocketbook to fly off her arm. Her glasses remained on as she fell, and she got a second close look at the defendant as he took her pocketbook, which had landed near a gas pump, and fled.

Robbery by sudden snatching is where no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person. *Rivers v. State,* 46 Ga. App. 778 (2) (169 SE 260). The evidence did not require a charge on the law relating to robbery by sudden snatching.

■ The verdict is supported by the evidence, and it was not error to overrule the defendant's motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*