## 28076. DIXON v. THE STATE.

UNDERCOFLER, Justice. Tom Dixon was indicted and convicted of armed robbery by use of an offensive weapon. He was sentenced to 20 years in the penitentiary.

The evidence shows that the victim of the robbery was in the bus station at Albany, Ga., about 5:30 p.m. waiting on a bus; that he went into the restroom where the appellant began talking with him; that he and the appellant were alone in the restroom except for another man who was in one of the stalls; that as he and the

appellant started out of the restroom, someone grabbed him from behind by the neck and the appellant and his accomplice wrestled him to the floor; and that after severely beating him, they took his wallet, change, watch, cigarettes and cigarette lighter. An employee of the bus station heard a disturbance in the restroom and looked inside, he saw the accomplice of the appellant with a pistol in his hand, the accomplice pointed the pistol at him and told him to leave the room, the accomplice threatened to kill him if he said anything about what he had seen, the employee immediately left the room, he had known the appellant and the accomplice before that day, the employee told some other employees about the robbery, the robbers left the bus station, the employee and another person then went into the restroom to see about the victim, and the police were called. The victim identified the appellant through a book of photographs at the police station. He later identified him in person. *Held:*

1. The motion to dismiss the appeal is denied.

2. Counsel for the appellant contends that the court erred in overruling the objection to the admission in evidence of a certain photograph made of the victim at police headquarters shortly after the robbery. It is contended that this evidence was inflammatory and prejudicial to the appellant since it in no way depicted the offense charged. The victim identified the photograph of himself and testified that it correctly portrayed his condition shortly after the robbery occurred. The photograph was admissible to show the brutality of the beating administered by the robbers and was material and relevant. *Hill v. State,* 211 Ga. 683 (88 SE2d 145); *Thompkins v. State,* 222 Ga. 420 (5) (151 SE2d 153); *Johnson v. State,* 226 Ga. 511 (175 SE2d 840).

3. Counsel for the appellant contends that the trial court erred in overruling a certain motion relating to the offense of robbery by intimidation "as a lesser included offense than of the offense of armed robbery." The record does not reflect the motion of counsel which was overruled by the trial court. However, it does show that the court instructed the jury that robbery by intimidation was a lesser included offense in the offense of armed robbery. Therefore, no harm could have resulted to the appellant from this ruling by the trial court.

4. Enumeration of error number 3 contends that the record does not contain evidence that the appellant and his co-defendant conspired to commit the robbery and that therefore the trial court erred in charging the jury on conspiracy. There is no merit

in this contention. "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose." *Chappell v. State,* 209 Ga. 701 (1) (75 SE2d 417). The evidence in this case is sufficient to show that the appellant and another perpetrated the robbery, and that, while acting together, each aiding and abetting the other, they accomplished their unlawful purpose.

5. Enumeration of error number 6 contends that the watch introduced into evidence and taken from the possession of appellant's co-defendant was the fruit of an illegal search and seizure and was inadmissible. In *Dutton v. State,* 228 Ga. 850 (1) (188 SE2d 794) it was held: "The right to object to an unreasonable search and seizure is a privilege which is personal to those whose rights have been infringed, and the appellant here was not entitled to object to the search of an automobile which was not his property or in which he had no right of exclusive possession." This contention is without merit.

6. Enumeration of error number 7 contends that the appellant was questioned by a police officer about the watch without the presence of counsel and after he had indicated that he desired counsel. There is no merit in this contention. In *Bennefield v. Brown,* 228 Ga. 705 (187 SE2d 865) this court held: "The lower court did not err in denying relief upon the ground that the appellant was questioned by law enforcement personnel without benefit of counsel, as the criminal trial transcript reveals that appellant neither confessed nor otherwise admitted his complicity in the robbery at such times when he was not represented by counsel and that no statements, incriminating or otherwise, obtained from him by law enforcement personnel were used against him. Jackson v. Smith [435 F2d 1284 (5th Cir. 1970)]."

7. Enumeration of error number 8 complains that the appellant was denied due process of law because of defective identification procedure having taken place.

The record shows that the victim was taken to the police station and that he looked through a book of photographs and identified the picture of the appellant. The appellant and his co-defendant had previously been identified by a witness, and the police officer knew his name. When the picture of the appellant was identified,

the police officer stated, "Yes, that's him." The victim later identified the appellant through a two-way mirror at the station. The victim also positively identified the appellant in court. This contention of the appellant is without merit. *Ford v. State,* 227 Ga. 279, 282 (180 SE2d 545); *Hughes v. State,* 228 Ga. 593, 597 (187 SE2d 135); *Carmichael v. State,* 228 Ga. 834, 836 (188 SE2d 495).

8. The sentence imposed on the appellant is not cruel and unusual punishment as it is within the statutory limit. *Hill v. Stynchcombe,* 225 Ga. 122 (6) (166 SE2d 729).

9. The remaining enumerations of error complaining of rulings not appearing of record cannot be considered. *Cowart v. Cowart,* 223 Ga. 487 (2) (156 SE2d 94).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 13, 1973 — DECIDED SEPTEMBER 6, 1973.

*Harry L. Wingate, Jr.,* for appellant.

*Robert W. Reynolds, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.