## 28242. STROZIER v. THE STATE.

JORDAN, Justice. Eddie James Strozier was tried and convicted of armed robbery, rape and kidnapping in a single trial in Fulton Superior Court on November 3, 1971, and was sentenced to 20 years for the armed robbery, 20 years on the kidnapping charge

and to death for the rape. Appellant made a motion for a new trial in these three cases, said motion being granted as to the sentencing trial only. In the new single sentencing trial on March 12, 1973, appellant was sentenced to 20 years imprisonment for rape, 5 years imprisonment for armed robbery, to be served concurrently with the sentence for rape, and 15 years on the kidnapping conviction, said sentence to follow the sentence served on the rape conviction. Appellant made an amended motion for a new trial as to sentencing; this motion was denied on July 13, 1973, and he appeals from this ruling and judgment. *Held:*

1. The appellant contends that the court below erred in allowing the sworn testimony of the rape victim to be read into evidence in the second sentencing trial. With this contention we do not agree. It appears from the record that counsel for the state made the following statement: "Both counsel for the state and the defendant are agreeing that we would not call any witnesses for the sentencing phase of this trial and that we would read the transcript of the trial of the victim's testimony into the record and before the jury and that defendant would testify or make his unsworn statement as he sees fit." The defense counsel in response to a question by the trial judge as to whether that was satisfactory to him and to the defendant replied, "Yes, it is part of the stipulation." Subsequent to the return of the jury in the sentencing trial and the rendering of their verdict the trial judge inquired if the appellant had any objections. Defense counsel replied, "No." At this time the appellant said the following: "Yes, I've got some objections. I want to appeal this case. The agreement they made, I didn't have no consent of it, not calling any witnesses in."

We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one. *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900); *Joyner v. State,* 208 Ga. 435 (2) (167 SE2d 221). The appellant's objection was not only untimely, but contradicted the prior binding agreement of his counsel on the subject matter.

2. The appellant also complains that it was error for the trial judge to admit evidence of previous indictments over his objections pertaining to notice. In this contention appellant relies on Code Ann. § 27-2534 which provides that "only such evidence in

aggravation as the state had made known to the defendant prior to this trial shall be admissible." It appears from the record that at the time the state attempted to enter these indictments into evidence the defense counsel objected on the grounds that "...the jury has not been qualified as to the background of this particular offense. . ." and "we don't think it is relevant to this particular case." The record does not show that an objection was made on the grounds of no prior notice. Objections such as the one before us now must be properly made in the trial court and a failure to do so at that time eliminates a subsequent review by this court. *Daniels v. State* and *Joyner v. State,* supra.

3. We have studied the record closely as to the other enumerations of error and find them either abandoned or without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 31, 1973 — DECIDED SEPTEMBER 20, 1973.

*Robert L. O'Neil,* for appellant.

*Lewis R. Slaton, District Attorney, Isaac Jenrette, Morris H. Rosenberg, Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.