## 48588. HUBBARD v. THE STATE.

Deen, Judge. Appellant was found guilty of the offense of burglary, his punishment fixed at eight years. From the judgment of the court entered thereon he brings this appeal.

The evidence shows that the police outside the building observed appellant through a window. Defendant was inside the store building squatting down behind a cash register. A cigar box with receipt and charge tickets in an area around the cash register had been pulled out from under the counter. The lids were open and some of the contents along with a can of potted meat, Vienna sausage and a small piece of cheese had been dropped on the floor. Defendant in making his statement to the jury stated that he was doped up that night and that "I didn't know whether I did it or not."

The issue enumerated and argued in the brief for consideration are: (1) Whether the indictment was so defective that the

defendant was not placed upon proper notice of the crime of which he was accused; and (2) Failing to ask appellant if he desired a lawyer and failing to advise appellant of his right to a commitment hearing. *Held:*

1. Formal defects as to the indictment must be reached by motion to quash, or demurrer in writing, before pleading to merits. *Gilmore v. State,* 118 Ga. 299 (1) (45 SE 226). After verdict it is too late to object to formal defects. *Lampkin v. State,* 87 Ga. 516, 524 (13 SE 523). Issues now raised for the first time come too late.

2. Deputy Chief of Police Puckett testified that he had advised Mr. Hubbard that he had the right to remain silent, that if he wanted a lawyer and couldn't afford one Gwinnett County would appoint him an attorney free of charge and further that the defendant understood what he had advised him. Defendant signed a waiver of rights which included a statement that he did not want a lawyer at this time, although he was represented by competent counsel at the trial. No objections or motions were raised at the failure to advise defendant of his right to a commitment hearing until after conviction. Circumstances constituting cause for reversal as shown in *Manor v. State,* 221 Ga. 866 (148 SE2d 305), do not exist in this case, therefore, we hold that it is too late after verdict to object that a commitment hearing has not been had, as such objection must be raised before going to trial by applicable motions such as to quash the indictment or by plea in abatement. Meyers v. State, 104 Neb. 356 (177 NW 177).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Submitted September 12, 1973 — Decided October 3, 1973.

*E. L. Owens,* for appellant.

*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson,* for appellee.