## 28172. BOWMAN v. THE STATE.

UNDERCOFLER, Justice. Carl Bowman was convicted of armed robbery and sentenced to fifteen years imprisonment. The appeal is from this judgment. *Held:*

1. The appellant contends that the trial judge acted prematurely and in gross abuse of discretion when he discharged the jury after 31 minutes of deliberation on the appellant's sentence and imposed the sentence himself. The appellant argues that the trial judge did not allow the jury a reasonable time to deliberate and that this deprived him of due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. He also contends that this deprived him of the right to trial by jury in violation of the Sixth Amendment to the Constitution of the United States.

The Act approved March 27, 1970 (Ga. L. 1970, pp. 949, 950) providing for pre-sentence hearings in felony cases declares in part: "If the jury cannot, within a reasonable time, agree as to the punishment, the judge shall impose sentence within the limits of the law." Code Ann. § 27-2534.

We cannot say that the trial judge acted unreasonably or deprived the appellant of due process and equal protection of the law in taking the issue of sentence from the jury and fixing the

sentence. The jury found that the appellant was guilty of the offense charged and the fact that the trial court fixed the sentence did not deprive him of the right to trial by jury. *Smith v. State,* 228 Ga. 293 (3) (185 SE2d 381); *Hensley v. State,* 228 Ga. 501 (5) (186 SE2d 729).

These contentions of the appellant are without merit.

2. The appellant contends that Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902) which allows the trial judge to fix the punishment when the jury cannot agree thereon within a reasonable time is unconstitutional for stated reasons. This contention was raised for the first time in this court and has not been decided by the trial judge. It is well settled that such questions must be raised at the first opportunity and cannot be raised for the first time in this court. *Brackett v. State,* 227 Ga. 493 (2) (181 SE2d 380); *Robinson v. State,* 226 Ga. 461 (175 SE2d 505); *Woods v. State,* 222 Ga. 321 (1) (149 SE2d 674).

3. The appellant contends that the trial judge was "involved in self-admitted ex parte extrajudicial conversations with former members of the traverse jury which convicted the appellant" and neither he nor his counsel knew of such conversations until the trial judge stated he had talked with some of them before he imposed sentence on the appellant.

The appellant argues that the accused had a right to be present at every stage of the trial and even after the trial judge had taken the issue of punishment from the jury, had a right to be present when the trial judge talked with some of the former members of the jury. We do not agree. When the trial judge talked with some of the former members of the jury prior to his imposition of punishment, they had no further responsibility in the case and no harm resulted to the appellant.

4. The appellant contends that his sentence of 15 years for armed robbery is excessive and illegal because the trial judge reportedly "miscalculated" parole eligibility.

The sentence imposed by the trial judge is within the limits provided by Code Ann. § 26-1902 (Ga. L. 1968, pp. 1249, 1298; 1969, p. 810) and is, therefore, not excessive. The reasoning of the trial judge concerning the rules of the Department of Corrections and Paroles cannot be reviewed by this court since a legal sentence was imposed on the appellant.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent. Ingram, J., concurs in the judgment only.*

Argued September 11, 1973 — Decided October 5, 1973.

*Martin, Kilpatrick & Davidson, Frank K. Martin,* for appellant.
*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.