28557. GOUGHF v. THE STATE.

SUBMITTED JANUARY 4, 1974 — DECIDED APRIL 16, 1974 —
REHEARING DENIED APRIL 30, 1974.

*Herbert Shafer,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, J. Melvin England, Carter Goode, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.

GRICE, Chief Justice.

Thomas Wayne Goughf appeals from the judgment of conviction and sentence in the Superior Court of Fulton County for the offenses of armed robbery, burglary and motor vehicle theft, and also from the denial of his amended motion for new trial.

1. The first enumeration of error is the overruling of the amended motion for new trial.

The record reveals that subsequent to his trial the appellant filed pro se pleadings and wrote a letter to the trial judge apprising him that he was no longer represented by counsel. The judge ordered that these documents be treated as a motion for new trial and that the Office of the Public Defender represent him. His appointed counsel then filed a letter with the trial court, citing Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), and stating that his review of the record uncovered no error of such an egregious character as would justify the granting of a new trial. Certain errors were enumerated, however, and the trial court construed the letter as an amended motion for new trial, which it denied.

We have reviewed the record and conclude that the evidence amply supports the verdict.

In essence it shows that at about 12:30 in the morning of February 8, 1973, the appellant and two

companions, Steve Allen Brown and Dwight Isenberg, decided to burglarize a drug store to get some drugs; that they needed a car so Brown asked an acquaintance, Charles Wesley West, if he would take them to get some drugs; that West drove them to Roswell, Georgia, to an alley behind a drug store; that Isenberg, Brown and the appellant went to the back of the store and broke in; that an alarm went off and the police arrived as they ran away; that Brown was caught; and that Isenberg and the appellant then stole a brown 1962 Ford Fairlane automobile from the driveway of a nearby house and drove back to Atlanta.

A pharmacist at a drug store in Atlanta testified that someone knocked on the window of his store at about the time he was scheduled to open on February 8, 1973, and he let Isenberg in; that Isenberg and another man, subsequently identified as James Radford, entered; that Isenberg pointed a pistol at him and demanded all his Class Two narcotics; that he gave them all he had and they locked him in the drug closet and left.

The evidence further showed that a woman employee of the drug store arrived for work and saw the robbery in progress; that she ran across the street to a service station where an attendant notified the police; that there was a brown 1962 Ford Fairlane parked beside the drug store and the appellant was sitting in it behind the wheel; that when it drove off the attendant took the tag number and gave it to the police, who checked and found that the car had been stolen from Roswell earlier that morning; that when the police subsequently went to the appellant's apartment with a search warrant they found him flushing drugs down the toilet and another person threw drugs out the window; and that the stolen 1962 Ford Fairlane was parked outside in the bushes.

In light of the above evidence, we find no error in the overruling of the motion for new trial upon the general grounds.

The other issues presented in the amended motion for new trial which were not specifically enumerated as error upon appeal will also be dealt with in this enumeration.

(a) The consolidation of three separate indictments

over the appellant's objections did not compel him to submit to an "overlapping of incriminating proof." A scheme and purpose to obtain narcotics which encompassed a burglary, a motor vehicle theft and an armed robbery within the span of a few hours is clearly shown by the evidence, and the interests of justice would not have been served here by ordering separate trials. Ga. L. 1968, pp. 1249, 1267 (Code Ann. § 26-506). See *Henderson v. State,* 227 Ga. 68 (1) (179 SE2d 76).

(b) It was not error to sustain the state's objection upon voir dire to the defense question as to whether a juror believed that a man was innocent until his guilt was proved by the state beyond a reasonable doubt. Technical legal questions in regard to the presumption of innocence are improper. *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271).

(c) The district attorney's allusion during the opening statement to a shotgun and a slug which could be used as a weapon was not improper, inflammatory or prejudicial.

The police officer who arrested the appellant testified that while he and another officer were searching the appellant's apartment they saw a shotgun lying on a bed in the bedroom, and that when the appellant "came out of the bathroom he was going towards that room."

These circumstances were "proper matters to be submitted to the jury to be weighed by them for what they are worth. [Cits.]" *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600). Therefore, the district attorney was clearly entitled to allude to them in stating in his opening argument what he expected to prove.

(d) It was not error to permit a police witness to testify that photographs of the appellant were shown to the co-indictee in the armed robbery, James Radford, who identified him as his accomplice.

This testimony was not inadmissible as hearsay, but was admitted for the purpose of explaining the conduct of the police in pursuing their investigation of the armed robbery. Radford's identification of the appellant as the driver of the getaway car which was parked outside the drug store resulted in the issuance of a warrant for his arrest, and his subsequent arrest. Therefore this evidence

was admissible. Code § 38-302.

Nor can Radford's identification of the appellant be deemed an inadmissible confession of a co-conspirator. Radford told the police of a third person who knew the driver of the car, who was known to Radford only as "Wayne." After appellant's full name was discovered through the third person, Radford identified a photograph of him as the driver of the getaway car. The appellant was also identified as the driver of the getaway car by another witness and admitted to driving the vehicle in his unsworn statement.

We find no merit in any of these grounds of the motion for new trial.

2. The second enumeration of error contends that it was error to confer on the jury the power to sentence the appellant without imposing standards and guidelines to aid in its deliberations.

We do not find this to be a denial of due process. Indeed, this same argument was considered and rejected by this court in the recent decision of *Evans v. State,* 228 Ga. 867 (5) (188 SE2d 861). Therefore this enumeration cannot be sustained.

3. The appellant asserts in his third and fourth enumerations that the imposition of the two consecutive ten year sentences for the armed robbery and the burglary was excessive and constituted cruel and unusual punishment under the circumstances here.

We do not agree.

The sentences were well within the statutory limits for these offenses. Ga. L. 1968, pp. 1249, 1287 (Code Ann. § 26-1601); Ga. L. 1969, p. 810 (Code Ann. § 26-1902). Therefore they are not subject to the attacks made. *Dixon v. State,* 231 Ga. 33 (8) (200 SE2d 138).

4. It is asserted in the final enumeration that the imposition of two consecutive ten year sentences was unauthorized and impermissible here since the jury fixed punishment at ten years each for the burglary and armed robbery and three years for the motor vehicle theft, but did not specify whether the sentences were to be served consecutively or concurrently. The trial court, however, directed that the burglary sentence be served consecutively to the armed robbery sentence and that the

motor vehicle theft sentence be served concurrently with the burglary sentence.

This contention is valid. Lacking authorization from the jury, the trial court had no power to impose consecutive sentences. *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (two Justices dissenting). See also *Gandy v. State,* 232 Ga. 105; *Creamer v. State,* 232 Ga. 136; and *Shockley v. State,* 232 Ga. 154 (three Justices dissenting), in which the ruling made in the *Wade* case was not limited to prospective application.

Therefore the sentences imposed by the trial court here must be amended to show that the two ten year sentences are to be served concurrently.

*Judgment affirmed with direction. All the Justices concur except, Nichols, P. J., Undercofler and Hall, JJ., who dissent from Division 4.*