## 28894. JONES v. THE STATE.

ARGUED MAY 15, 1974 — DECIDED SEPTEMBER 6, 1974 — REHEARING DENIED SEPTEMBER 24, 1974.

Nicholas F. Maniscalco, for appellant.

Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant

*Attorney General,* for appellee.

GRICE, Chief Justice.

Donald Lewis Jones was indicted by the grand jury of Fulton County for the armed robberies of Earl Miller and William H. Austin, as bailees of Church's Fried Chicken stores on Joyland Place and Georgia Avenue in Atlanta.

Upon the trial before the superior court without a jury, Earl Miller testified that until the early part of July, 1973, the appellant had been the manager of the Church's Fried Chicken store on Joyland Place and he had succeeded him as manager; that when the appellant came to his store on July 25, 1973, and asked him to "give him the money" he thought he was kidding; that only after the appellant pulled out a pistol and ripped the telephone from the wall did he take him seriously; and that he then opened the safe and the appellant helped himself to over $500 in currency.

An employee who was also present testified to substantially the same events surrounding the robbery.

William H. Austin swore that he was the manager of the Church's Fried Chicken store on Georgia Avenue; that he knew the appellant on the basis of their common employment and having done business with him in the past; that on August 3, 1973, the appellant came to his store on the pretext of business; that after the store had closed for the evening and the other employees had gone home, the appellant pulled out a gun and forced him to open the safe; and that the appellant then took in excess of $500, pulled the telephone from the wall and left.

The appellant's girl friend testified that he was in bed asleep with her at the time the August 3 robbery occurred.

The appellant took the stand and swore that Earl Miller called about 11:30 p.m. on July 25, 1973, and asked him to come to the store; and that Miller then took all the money from the safe and gave him $40. He further stated that from August 1 until the time he was arrested he never left his house after 8:00 p.m. or after dark in the evening because of his fears for the safety of his three young children and his girlfriend.

He appeals from the judgment of guilty and sentences of 12 years each to be served consecutively, and from the denial of his motion for new trial.

■ The first enumeration of error asserts that the appellant was denied due process of law in that he did not have the effective assistance of counsel upon his trial.

This contention is not sustained by the transcript of the trial and the hearing on the motion for new trial.

The appellant swore at the hearing on the motion for new trial that his trial attorney spoke to him only on the day of the trial and that an investigator for the attorney's office had spoken with him once at the jail for no more than ten minutes.

However, the trial attorney testified that he talked to the appellant before the trial for 45 minutes to an hour and went over the case with him several times; that his investigator handled most of the investigation; that everyone listed on the indictment and everyone appellant named was spoken to; that the district attorney opened his files to him; and that he had practiced law since 1948 and he handled over 1,200 capital felonies.

The investigator stated that he spoke with the appellant at the jail on three occasions; that the first interview lasted from one to two and a half hours; that he talked to a number of witnesses suggested by the appellant; and that he spent about ten hours investigating the case. Both the attorney and the investigator testified that they had done the best they could.

The trial judge, who presided both at the trial and at the hearing on the motion, found that there was nothing to indicate that the appellant was represented by incompetent counsel.

Clearly this finding was supported by the evidence. The constitutional right to the assistance of counsel does not guarantee errorless counsel, nor counsel judged ineffective by hindsight. See *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346); *Mitchell v. Smith,* 229 Ga. 781 (194 SE2d 414); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515).

Enumerations of error 2, 3, 4, 5 and 6 involve alleged errors to which no objection was made upon the trial. It is well settled that objections to alleged defects occurring

during the trial proceedings cannot be raised for the first time in a motion for new trial or on appeal. *Edwards v. State,* 224 Ga. 684 (164 SE2d 120); *Strozier v. State,* 231 Ga. 140 (200 SE2d 762). However, since the issues raised in these enumerations are also interrelated to the issue of whether the appellant was afforded effective assistance of counsel, we will examine each of them upon the merits.

■ The appellant was not denied the right to a jury trial in that he did not know or understand his rights regarding a trial by jury and hence could not effectively waive those rights, as urged in enumeration of error 2.

The record reveals that the appellant was 27 years old, had graduated from high school and attended Washington University in St. Louis for two years. He signed a written waiver of trial by jury. The trial judge asked him before the trial if he was agreeable to having the case tried without a jury and he responded, "Yes, Your Honor." His attorney stated at the motion hearing that because of the inconsistent defenses, they had "a long discussion about whether we should go to a jury or the bench"; and that "he definitely wanted a bench trial, that he did not want to carry it before a jury."

On the basis of the above it can be concluded that there was a knowing and deliberate choice made by the appellant.

Even though he swore that he did not realize the difference between a jury and a bench trial, the evidence was sufficient to support the finding of the trial court that he "validly and understandingly waived his right to a jury trial."

■ The third enumeration contends that the appellant was denied his right to an attorney in that no attorney was present at the lineup in which he appeared and he had not waived counsel being present.

Although the appellant was arrested on August 8, 1973, and the lineup was held on August 9, 1973, he was not indicted until August 17, 1973. Thus the lineup was conducted prior to the commencement of formal criminal proceedings while the case was still in an investigatory stage and he was not constitutionally entitled to the assistance of counsel at that time. Kirby v. Illinois, 406

U. S. 682 (92 SC 1877, 32 LE2d 411); *West v. State,* 229 Ga. 427 (1) (192 SE2d 163).

The appellant had been advised of his rights when he was arrested, including his right to counsel, told that he would be placed in a lineup the next evening, and given the opportunity to make a telephone call. Furthermore, since he was well known to both of his victims, the failure to have counsel present clearly did not prejudice him in any way when he was identified. The evidence shows that the lineup was fair in every respect and that there was no denial of due process.

■ The contention that the appellant's rights were violated because there was no attorney present at the preliminary hearing and that he did not waive his right to a preliminary hearing likewise cannot be sustained.

The state objected that this matter was not properly before the court when it was raised for the first time at the hearing of the motion for new trial. The court sustained the objection and testimony in this regard was ruled out.

We find no error.

The rule is that a subsequent indictment, trial and conviction renders the omission of a preliminary hearing harmless. *Thrash v. Caldwell,* 229 Ga. 585 (1) (193 SE2d 605); *Phillips v. Stynchcombe,* 231 Ga. 430 (1) (202 SE2d 26) (two Justices dissenting); *Hubbard v. State,* 129 Ga. App. 793, 794 (201 SE2d 337).

■ Enumeration 5 asserts that an interstore transfer slip which was mentioned by William Austin during his testimony was not introduced in evidence by the state, and that since the transfer slip itself was the best evidence of its substance, the failure to produce it denied the appellant due process of law.

We do not agree.

The essential fact sought to be proved by the witness Austin was the appellant's presence and perpetration of the offense of which he was charged. On direct examination this witness testified that the appellant came to his store wanting to borrow some boxes to transfer to another store. Until it was brought out on cross examination there was no mention of the interstore transfer slip or the appellant's signing of it. The

substance of the transfer slip was not in issue, however, and therefore the best evidence rule (Code § 38-203) would not bar the testimony that the appellant was present at the store with an interstore transfer slip prior to committing the armed robbery. See *Mallette v. Mallette,* 220 Ga. 401 (2) (139 SE2d 322).

■ The appellant's allegation in Enumeration 6 that the pistol taken from him at the time of his arrest was seized in an unconstitutional manner is not supported by the evidence.

It shows that the arresting officers, after informing the appellant of the charges against him, saw the pistol lying on the foot of his bed. If this can be construed as a search and seizure, then clearly it was authorized for any of the reasons given under Code Ann. § 27-301 (a), (b) or (d) (Ga. L. 1966, p. 567), such as protection from attack, prevention from escape, or seizure of items which may have been used in the commission of the crime for which the person has been arrested.

■ The imposition by the court of consecutive twelve-year sentences for the two armed robberies does not constitute a denial of due process for the reasons asserted by the appellant in Enumeration 7.

It is contended that the trial judge here arbitrarily and without consideration to the particular facts and circumstances of the appellant's case imposed the sentences to run consecutively. However, the judge stated at the hearing on the motion for new trial that although he did "generally impose twelve-year sentences on armed robbery convictions unless there are strong circumstances to dictate to the contrary," and that he sometimes imposed lesser sentences on pleas of guilty, that here he imposed the sentences to run consecutively "with the knowledge that these offenses were committed on two different occasions and they were not by any construction a continuing type of transaction." In our view, this does not indicate that the judge's sentencing policy was based on the category of the crime rather than the individualized record of the defendant, as argued by the appellant.

Furthermore, this court has consistently held that where the sentences imposed are within the statutory

limits, as they are here, they are not unconstitutional. Code Ann. § 26-1902 (Ga. L. 1968, pp. 1249, 1298; 1969, p. 810); *Evans v. State,* 228 Ga. 867 (5) (188 SE2d 861); *Dixon v. State,* 231 Ga. 33 (8) (200 SE2d 138); *Bowman v. State,* 231 Ga. 220 (4) (200 SE2d 880); *Goughf v. State,* 232 Ga. 178 (3) (202 SE2d 844). And where the judge acts as the jury, there can be no question as to his authority to impose consecutive sentences. Cf., *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271) (two Justices concurring in the judgment only).

■ The appellant's final enumeration insisting that it was error to deny his motion for new trial without the appearance and testimony of the arresting police officer is not valid.

It does not appear from the record that a subpoena was ever served upon this witness, although a deputy sheriff testified 'that he delivered one to Atlanta Police Department headquarters the day before the hearing was held on the motion for new trial. The deputy stated, however, that he did not know if the detective received it. When it appeared that this detective was not present at the hearing, appellant's counsel did not move for a continuance, but permitted the hearing to proceed and at its conclusion objected to the absence of the witness.

However, even had such motion for continuance been made, the statutory requirements as to the basis of the absence were not met here. Code Ann. § 81-1410 (Ga. L. 1959, p. 342); *Beasley v. State,* 115 Ga. App. 827 (1) (156 SE2d 128). See also, *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764). Therefore, no abuse of discretion in denying the motion for new trial upon this ground has been shown.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

INGRAM, Justice, concurring specially.

I concur in the court's judgment but disagree with the majority's approval of the holding in *West v. State,* 229 Ga. 427 (1) (192 SE2d 163) cited in Division 3 of the court's opinion, and with the majority's holding in Division 4 of the opinion "that a subsequent indictment,

trial and conviction renders the omission of a preliminary hearing harmless."

The majority, citing *West* and Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972), hold that at the time of the lineup involved here the case was still in an investigatory stage because formal criminal proceedings do not begin in Georgia until indictment. I disagree with this holding but concur in the result reached by the majority because the record shows this defendant was advised of his right to have counsel at the lineup and was not indigent, as he retained counsel for his subsequent trial.

In United States v. Wade, 388 U. S. 218, 229-30 (87 SC 1926, 18 LE2d 1149) (1967), the Supreme Court of the United States set out the following rationale in support of the holding that certain pre-trial confrontations are critical stages which require an accused to have counsel: "The pre-trial confrontation for purpose of identification may take the form of a lineup . . . or presentation of the suspect alone to the witness . . . It is obvious that risks of suggestion attend either form of confrontation and increase the dangers inhering in eyewitness iden-tification."

In Kirby v. Illinois, supra, the Supreme Court, in a plurality decision, refused to apply Wade to a one-man station-house showup conducted before formal criminal charges were filed against the accused. The Georgia Supreme Court has followed Kirby in *West v. State,* supra, by holding that the indictment is the time of initiation of formal proceedings and therefore is the earliest time at which the right attaches to counsel at a lineup. In my view, Kirby does not mandate the indictment stage as the earliest time when the right to counsel attaches for a lineup identification arranged by the state. Several significant terms, to wit: "formal charge, preliminary hearing, indictment, information or arraignment," were used by the plurality of the Supreme Court as synonyms to indicate the time criminal adversary proceedings begin in the several states. The inherent problems in holding that indictment is the time when adversary criminal proceedings commence in Georgia are obvious. For example, a prosecutor could delay the seeking of an

indictment against an indigent defendant until all lineup procedures desired by the state have been exhausted. The attachment of special significance to the indictment is not persuasive.[1] I believe a more realistic and fairer approach would be to hold that the time for determining when formal criminal proceedings begin in Georgia is at the time a warrant is issued for the arrest of the accused, or, in the case of a warrantless arrest, at the time the accused must be brought before a committing magistrate pursuant to Code Ann. § 27-212.

This does not mean that counsel is required for all confrontations occurring after arrest, because to require counsel for every post-arrest confrontation would be unduly burdensome upon the state and would jeopardize the possibility of identifications made, in many instances, either on the scene or shortly after the occurrence of the alleged crime. E. g., see, Foster v. State (Md. App.) 323 A. 2d 419. On the other hand, the right to counsel should attach to any lineup conducted by the state after the accused is in custody under a warrant.

This defendant also contends he was denied a commitment hearing and if it had not been waived, I would require a hearing on this issue for the reasons set forth in my dissent in *Phillips v. Stynchcombe,* 231 Ga. 430 (1) (202 SE2d 26). However, since a commitment hearing was waived in this case, I find no reversible error present.

I am authorized to state that Justice Gunter concurs in this special concurrence.

---

[1] For a good discussion of Kirby and its application, see Grano: Kirby, Biggers and Ash: Do Any Constitutional Safeguards Remain Against the Danger of Convicting the Innocent? 72 Mich. L. Rev. 719 (1974).