## 66466. PAGE et al. v. THE STATE.

QUILLIAN, Presiding Judge.

The defendants, Susanne and Arthur Curtis Page, husband and wife, appeal their conviction of aggravated assault upon Walter E. Johnson. Dr. Johnson is an anesthetist at University Hospital, Augusta, Georgia. Susan Page — then Susan Sloan, worked as an operating room nurse in the same hospital. She and Dr. Johnson dated "two or three times" weekly during the period from August 1979 until December 1979. In October of 1979 Susan met and started dating Curtis Page. Susan stopped dating Johnson in December and dated only Page until February. She testified that she was in love with Page but told him that she had been married before and had made a mistake and she wanted one more date with Johnson to be sure she wasn't making a mistake. On February 14, 1980, she and Johnson had their last date. Johnson said that during the early morning hours of February 15, 1980, he had a telephone call from a man demanding to talk to Susan and he told him she was not there. Later, a car drove up in his driveway and someone began pounding on his door and Susan spoke from the outside and said: "For God sake, don't open the door." Johnson did not open the door and the people left.

Johnson testified that during the late evening hours of August 14, 1980, he received a phone call from Susan. She seemed upset. She wanted to see him even though it was after 10:00 p.m. She arrived about 30 minutes later. After talking for a few minutes she went to her car for a cigarette and returned with a man. Johnson attempted to introduce himself but the man told Susan to look through the house to be sure no one was there. Johnson asked what the man wanted and not receiving a reply he picked up the phone to call the police. The man produced a "big .45 automatic." When Susan returned, the man told her to leave and then proceeded to strike Johnson on the head with a "pipe." Johnson attempted to fake being unconscious but the man started stabbing him with a knife. After being stabbed Johnson ran to his bedroom and locked the door and called the police. When they arrived Johnson was alone in the house. His head injuries required 25 to 30 sutures to close and he had been stabbed in the left chest and the back in the kidney area. He identified Curtis Page as the man who had beat and stabbed him.

Susan and Curtis Page testified that they had not been to Johnson's home on the night of August 14 but had been at Page's parents' house in Aiken, South Carolina. Two friends and Page's son testified that Susan and Curtis Page were in their presence in Aiken during the period from 10:00 p.m. until 1:00 a.m. the following morning on August 14. Susan said that Dr. Johnson was "crazy

about" her and continued to call her after she was married and came to her home on two occasions. She rejected his advances. Johnson denied that he called or visited her after February 14, 1980.

The Pages appeal from the jury verdict of guilty. *Held:*

1. It is contended that "[t]he in-court identification of the defendant Arthur Curtis Page, substantiated by the use of a photograph on the driver's license of the defendant was so tainted as to offend the due process rights of the defendant . . ."

We have thoroughly examined the record and transcript of this trial and cannot find any pre-trial motion or trial objection to the identification of Curtis Page in open court as the perpetrator of the aggravated assault upon the victim. Because there was no objection, the procedure used never became an issue and was never ruled on by the court. Further, since the State was not aware of an objection to the identification procedure, it did not have an opportunity to present evidence as to the basis of the identification by Dr. Johnson. Our appellate courts have held many times that an appellate court "is a court for the correction of errors of law committed by the trial court where proper exception is taken thereto, and one may not abandon the only question raised by his petition in the trial court, and for the first time in the brief of counsel in this court raise questions as to rulings not excepted to or not passed upon by the trial court." *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224); *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58); *Jones v. State,* 232 Ga. 771, 773-774 (208 SE2d 825), U. S. cert. den. 419 U. S. 1115. "The defendant's failure to object to the admissibility of evidence is a waiver of his objections to this evidence." *Edwards v. State,* 224 Ga. 684 (1) (164 SE2d 120). See *Key v. State,* 146 Ga. App. 536 (5) (246 SE2d 723).

2. There was a direct conflict in the evidence as to identity of the perpetrator and the jury is the final arbiter. *Crews v. State,* 133 Ga. App. 764 (3) (213 SE2d 34). While there may have been some doubt as to the identity of the male attacker, Dr. Johnson had known Susan Page for months and had dated her several times weekly for an extended period of time, and all witnesses, including the defendants, testified that Susan and Curtis Page were together all that night. On appeal, when the evidence is viewed in the light favorable to the verdict, we find that it is sufficient to enable any rational trier of facts to establish the existence of the offense charged beyond a reasonable doubt. *Rutledge v. State,* 245 Ga. 768, 769 (267 SE2d 199).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 5, 1983.

*John Fleming,* for appellants.
*Sam B. Sibley, Jr., District Attorney,* for appellee.