## 66458. BURRELL v. THE STATE.

MCMURRAY, Presiding Judge.

This appeal involves a conviction of armed robbery. *Held:*

Defendant's sole enumeration of error is that the trial court erred in allowing testimony and identification (over timely objections) of certain physical evidence (clothing found in the vicinity of the armed robbery location) without a proper foundation ever having been established, thereby unduly influencing and prejudicing the jury towards the defendant which denied him a fair trial. Following the robbery and the shooting of the victim, a description of the two men involved in the robbery was given by individuals at the scene and the victim that the perpetrators wore green and tan clothing. The victim testified at the trial as to the clothing worn as being casual clothing. A search of the area disclosed certain items of wearing apparel. This defendant was later arrested in the parking lot of the motel shortly after and near where the crime occurred. He was wearing a white undershirt, tan pants and tan shoes. The items of clothing submitted in evidence were found in two trash cans in another building of the same motel complex. As established by the evidence submitted at trial, the perpetrators were wearing green and tan clothing, and the clothing found was similar in nature to that worn by the defendant and his accomplice. The evidence was certainly sufficient to authorize the jury to determine that this clothing could have been worn by the perpetrator at the time of the commission of the crime. See *Lively v. State,* 178 Ga. 693, 694-695 (3) (173 SE 836); *Jung v. State,* 237 Ga. 73, 75 (1) (226 SE2d 599); *Evans v. State,* 228 Ga. 867, 870-871 (4) (188 SE2d 861); *Katzensky v. State,* 228 Ga. 6, 9 (3) (183 SE2d 749). The enumeration of error is not meritorious. However, we call attention to the fact that this was not the objection made at trial. The objection made at trial to the admission of exhibits was that the chain of custody of same had not been properly shown.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983.

*Jay W. Bouldin,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.