### 70240. RAMSAY v. THE STATE.
(332 SE2d 390)

BIRDSONG, Presiding Judge.

The defendant, Kimberly Ramsay, appeals her conviction of possession of marijuana and trafficking in cocaine by possessing more than 28 grams of cocaine. Counsel has enumerated 45 errors. *Held*:

1. Error is enumerated in the sentencing of defendant. Our Code authorizes a punishment of not less than five nor more than 30 years imprisonment and a fine not to exceed $500,000, upon conviction of trafficking in cocaine. OCGA § 16-13-31. Defendant was sentenced to seven years, five to serve and two on probation, and a fine of $50,000. "Where the sentences imposed are within the statutory limits, as they are here, they are not subject to the attack that they constitute cruel and unusual punishment. *Jones v. State*, 232 Ga. 771, 776 (7) (208 SE2d 825); *Goughf v. State*, 232 Ga. 178, 182 (3) (205 SE2d 844); *Dixon v. State*, 231 Ga. 33, 36 (8) (200 SE2d 138). Furthermore, this court is without jurisdiction to review the sentence." *Johnston v. State*, 152 Ga. App. 133, 134 (262 SE2d 161); *Philmore v. State*, 142 Ga. App. 507 (2) (236 SE2d 180).

2. Defendant moved for an in camera inspection and disclosure of evidence from the district attorney's file which was favorable to defendant, including the identity of an informant. The trial court refused to require the state to divulge the identity of the informant because it found he was a "tipster." We agree. The affiant of the warrant affidavit testified at trial that the informant had been in defendant's residence and seen cocaine. The officer stated that the informant was a tipster and was not a decoy, witness, or participant. In *Thornton v. State*, 238 Ga. 160, 165 (231 SE2d 729), cert. den. 434 U. S. 1073, our Supreme Court held that in the case of a "pure tipster, who has neither participated in nor witnessed the offense," the public policy of this state toward non-disclosure of identity of informants would not be overcome and the state may rely upon this privilege to refuse to identify the informant. The court did not err in refusing to require disclosure of the identity of the informant.

3. Defendant's amended motion for an in camera inspection of the prosecution and sheriff's files was filed on June 4, 1984. At a hearing on that motion on September 7, 1984, the assistant district attorney stated that there was "nothing exculpatory" in his file and voiced no objection to an in camera inspection. The judge stated that he would go through the DA's file but not the sheriff's file. This refusal to conduct an in camera inspection of the sheriff's file is enumerated as error.

A trial court is not required to conduct an in camera inspection of the "state's file" in connection with a general *Brady* motion unless, after the state has made its response to the motion, the defense makes a request for such an inspection. *Tribble v. State*, 248 Ga. 274, 275 (280 SE2d 352). After the state's response, the defendant did not renew its motion. It was apparent that the sheriff's files were not included within the prosecution's files. The state is under no obligation to conduct an investigation on behalf of a defendant to secure other evidence (*Dalton v. State*, 251 Ga. 641 (1) (308 SE2d 835)), "nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client. [Cits.]" *Nations v. State*, 234 Ga. 709 (1) (217 SE2d 287). Further, an appellant has the burden of showing how his case had been materially prejudiced, even when the trial court declines to make an in camera inspection. *Chenault v. State*, 234 Ga. 216, 221 (215 SE2d 223). No showing of prejudice has been made. This enumeration is without merit.

4. Defendant's counsel moved the court for an order authorizing him to talk to the officer who investigated this case for the District Attorney. The court stated: "But I don't know of any authority that says that I can give you an order to interview a witness." Counsel enumerated this refusal to issue the order as error. "The trial court

correctly stated that it had no authority to order witnesses to talk with defense counsel about the case." *Kittles v. State*, 168 Ga. App. 123, 124 (2) (308 SE2d 241); accord *Rutledge v. State*, 245 Ga. 768, 770 (267 SE2d 199); *Emmett v. State*, 232 Ga. 110, 113 (2) (a) (205 SE2d 231).

5. Objection was made to the form of the indictment. Defendant was indicted jointly with her husband. The indictment showed that he was indicted as a recidivist. Counsel objected to the form because defendant's trial was severed from her husband's and counsel argued that the fact that he was alleged to be a recidivist would harm her in the eyes of the jury. The court directed that the portion of the indictment reflecting recidivism of the husband be masked, a photocopy be made of the remaining portion and the photocopy would go out with the jury. Defendant insisted upon dismissal. We find no harmful error to the defendant requiring dismissal in the procedure followed.

6. We discern no error in the trial court severing defendant's trial from that of her husband after it was advised that the husband would enter a plea of guilty. This defendant entered a plea of not guilty.

7. Defendant contends the evidence was insufficient to convict, that the possession of the cocaine and marijuana was presumptively in her husband, that her presence at the scene was insufficient, and that actual knowledge was lacking as to trafficking in cocaine.

It is general law in this state that "[m]erely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. [Cit.] Presence at the scene of a crime and nothing more will not support a conviction. [Cit.]" *Blankenship v. State*, 135 Ga. App. 482, 483 (218 SE2d 157). Whether the evidence of equal access is sufficient to rebut any inference of possession arising from discovery of drugs in the defendant's bedroom, and other places of the house, is a question properly left to the jury. *Gumina v. State*, 166 Ga. App. 592, 593 (305 SE2d 37). Here, defendant was living with her husband, and when she opened the door and was served with the search warrant, she yelled to alert her husband and then said to the police: "You're not coming in here." Officers found only one bedroom in the house and in that bedroom in the top drawer of a chest of drawers, they found one bag containing three smaller bags of white powder, which was later determined to be a cocaine mixture. That drawer contained both male and female clothing. The residue of several burned marijuana cigarettes was found in an ashtray in the bedroom, and in a nightstand by the bed a small quantity of marijuana was found. After being advised of her *Miranda* rights, defendant asked ". . . who had told on them." A small set of scales, with a residue of white powder was found in the

bedroom and a larger set of scales was found in a closet in the bedroom. The smaller set of scales was of the type usually used in the sale of drugs such as cocaine, and the larger scales were of a type usually used in sales of marijuana.

The head of household presumption of possession of contraband found therein is no longer a viable presumption in this state. *Knighton v. State,* 248 Ga. 199, 200 (282 SE2d 102); *Cox v. State,* 160 Ga. App. 891 (4) (289 SE2d 266). Defendant was charged with trafficking in cocaine. Our code requires that any person who is knowingly in *actual possession* of 28 grams or more of cocaine or of any mixture containing cocaine in violation of Schedule II is guilty of trafficking in cocaine. OCGA § 16-13-31 (a). The court charged the jury in the actual words of the statute and of the lesser included offense of possession of cocaine. OCGA § 16-13-30. The *major offense* required *actual knowledge,* but the *lesser offense* may be based on *either actual or constructive knowledge. Evans v. State,* 167 Ga. App. 396 (1) (306 SE2d 691), Div. (3) overruled in 252 Ga. 534, 536 (314 SE2d 910); *Anderson v. State,* 166 Ga. App. 459 (3) (304 SE2d 550). This was an issue for the jury. The jury was properly charged on burden of proof, reasonable doubt, parties to a crime, and possession — sole and joint, and actual and constructive. The defendant was found guilty of the greater offense of trafficking in cocaine.

We find that the totality of the evidence was sufficient to connect the defendant to the possession of the drugs even though the evidence would have authorized a finding that others had equal access to the same drugs. *Pamplin v. State,* 164 Ga. App. 610, 611 (298 SE2d 622); *Teems v. State,* 161 Ga. App. 339, 340 (287 SE2d 774).

When viewed in the light favorable to the verdict, as we are required to do, the evidence was sufficient to enable any rational trier of fact to find the husband and wife acted together, aiding and abetting each other in the drug transactions, thus establishing the existence of the offenses charged beyond a reasonable doubt. *Stinson v. State,* 244 Ga. 219 (4) (259 SE2d 471); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

8. Based upon the evidence cited above, the trial court did not err in refusing to direct a verdict of acquittal as to the charge of trafficking in cocaine and possession of marijuana. *Lee v. State,* 247 Ga. 411 (6) (276 SE2d 590); *Maddox v. State,* 170 Ga. App. 498 (1) (317 SE2d 617).

9. Under the facts of this case, the refusal to charge the jury on the "two equal theories" of guilt and innocence principle was not reversible error. *Booker v. State,* 156 Ga. App. 40 (4) (274 SE2d 84), remanded 247 Ga. 74 (274 SE2d 334), affd. 157 Ga. App. 872 (278 SE2d 745).

10. Enumerated errors 6 and 15-19 were neither argued nor sup-

ported by citation of authority and are considered abandoned. *Jackson v. State*, 155 Ga. App. 386, 388 (271 SE2d 32); Rule 15 (c) (2), Rules of The Court of Appeals.

11. We have examined the remaining enumerations of error and find them to be without substantial merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 11, 1985.

*Durwood T. Pye*, for appellant.
*William J. Smith*, District Attorney, *Bradford R. Pierce, J. Gray Conger*, Assistant District Attorneys, for appellee.