692 So.2d 883 (1997)
Kenneth B. ROBINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 87686.
Supreme Court of Florida.
April 24, 1997.
*884 Nancy A. Daniels, Public Defender and Fred Parker Bingham II, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Criminal Appeals, and Thomas Crapps, Assistant Attorney General, Tallahassee, for Respondent.
KOGAN, Chief Justice.
We have for review Robinson v. State, 680 So.2d 481 (Fla. 1st DCA 1996), which certified conflict with decisions of the Second and Third District Courts of Appeal[1] on the issue of whether the snatching of property by no more force than is necessary to remove the property from a person who does not resist amounts to robbery in Florida.[2] If the offense described, which is designated robbery by sudden snatching in Georgia,[3] is equivalent to robbery in Florida, then a Georgia *885 conviction for robbery by sudden snatching will qualify as a predicate offense for the purposes of sentencing a Florida defendant as an habitual felony offender.[4] We have jurisdiction. Art. V, § 3(b)(4), Fla.Const. For the reasons expressed herein, we find that the Florida and Georgia crimes differ as to their elements. Consequently, we hold that Georgia's robbery by sudden snatching is not a qualified offense for purposes of Florida's habitual felony offender statute.
The petitioner, Kenneth Robinson, was charged by information with two counts of armed robbery, in violation of sections 812.13 and 775.087, Florida Statutes (1993). Three weeks after the information was issued, prosecutors filed a notice of intent to classify Robinson as both an habitual felony offender and an habitual violent felony offender.[5] Robinson subsequently was found guilty of one count of robbery with a deadly weapon and, in a separate proceeding, acquitted of the second robbery count. The trial judge sentenced Robinson as an habitual felony offender for a term of fifteen years. In the sentencing order, the trial judge noted that Robinson previously had been convicted in Georgia of two felonies, one of which was robbery by sudden snatching. The Georgia convictions served as a basis for the trial court's determination that Robinson was an habitual felony offender pursuant to section 775.084(1)(a), Florida Statutes (1993).[6]
Robinson appealed his conviction, claiming the trial court erred in qualifying and sentencing him as an habitual felony offender. Specifically, Robinson argued his conviction in Georgia for robbery by sudden snatching did not constitute a "qualified offense" under section 775.084(1)(a), because it did not contain elements analogous to robbery or any other felony in Florida. The district court compared the applicable Georgia and Florida statutes and determined that whether they were analogous for purposes of section 775.084(1)(a), depended upon whether the force or violence element required by Florida's robbery statute could be satisfied by the lesser degree of force required to establish robbery by sudden snatching.[7] The court concluded that the degree of force required to snatch property from a person, even without resistance by or injury to the victim, was sufficient to satisfy Florida's force element. Robinson, 680 So.2d at 484.[8]
Robinson maintains that the elements of Georgia's robbery by sudden snatching are not similar to the elements of Florida's robbery offense, and therefore his Georgia conviction should not have been used as a predicate for habitual felony offender sentencing. For a court to sentence a defendant as an habitual felony offender under section 775.084(1)(a), Florida Statutes (1993), it must find that the defendant previously was convicted of any combination of two or more felonies in this state or two or more other qualified offenses. A "qualified offense" is defined as:
[A]ny offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, *886 or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
§ 775.084(1)(c), Fla.Stat. (1993). Under the statutory definition, a similarity in elements of the offenses being compared, coupled with a penalty for an out-of-state conviction in excess of one year's imprisonment, will result in an out-of-state conviction being deemed a qualifying offense. O'Neill v. State, 684 So.2d 720 (Fla.1996).
In Florida, "robbery" is defined as:
[T]he taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
§ 812.13(1), Fla.Stat. (1993). In interpreting the robbery statute, this Court has recognized force, violence, assault, or putting in fear as a necessary element of robbery. Jones v. State, 652 So.2d 346, 349 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 202, 133 L.Ed.2d 136 (1995); Royal v. State, 490 So.2d 44, 46 (Fla.1986),[9]receded from on other grounds, Taylor v. State, 608 So.2d 804 (Fla. 1992); Montsdoca v. State, 84 Fla. 82, 85-86, 93 So. 157, 158-59 (1922). To establish robbery, the taking must be by means of: (1) force or violence; or (2) intimidation by assault or putting in fear. Jones, 652 So.2d at 349; Montsdoca, 84 Fla. 82, 93 So. at 158; S.W. v. State, 513 So.2d 1088, 1090 (Fla. 3d DCA 1987); see also Walker v. State, 546 So.2d 1165, 1167 (Fla. 3d DCA 1989); Fla. Std. Jury Instr. (Crim.) 155-56. Due to the nature of the Georgia crime with which Florida's robbery offense is being compared in this case, we are concerned only with robbery that has as an element of force or violence. We do not deal with robbery accomplished by means of the alternative element of intimidation.
The district court in this case relied on the decision in Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983), to support its conclusion that the degree of force used to snatch a victim's property from his person, even when the victim does not resist and is not injured, is sufficient to satisfy the force element of Florida's robbery offense. Robinson, 680 So.2d at 484. In Andre, the court held that, according to this Court's decision in McCloud v. State, 335 So.2d 257 (Fla.1976), any degree of force, including that used to snatch money from a person's hand, was force sufficient to satisfy the force element of robbery. Andre, 431 So.2d at 1043. In McCloud, we did say that any degree of force suffices to convert larceny into robbery. McCloud, 335 So.2d at 258-59. However, the perpetrator in McCloud gained possession of his victim's purse by exerting physical force to extract it from her grasp. Id. The victim carried her handbag by a strap, which she continued to hold onto after the perpetrator seized the handbag. She released the strap only after she fell to the ground. Id. Thus, the taking was accomplished with more than the force necessary to remove the property from the victim.
In accord with our decision in McCloud, we find that in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person. Rather, there must be resistance by the victim that is overcome by the physical force of the offender. See S.W., 513 So.2d at 1091-92 (quoting R.P. v. State, 478 So.2d 1106 (Fla. 3d DCA 1985), review denied, 491 So.2d 281 (Fla. 1986); Mims v. State, 342 So.2d 116, 117 (Fla. 3d DCA 1977); Adams v. State, 295 So.2d 114, 116 (Fla. 2d DCA), cert. denied, 305 So.2d 200 (Fla.1974); Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.11(d), at 781 (2d ed.1986)); see also Colby *887 v. State, 46 Fla. 112, 113, 35 So. 189, 190 (1903);[10] Fla.Std. Jury Instr. (Crim.) 156-57. The snatching or grabbing of property without such resistance by the victim amounts to theft rather than robbery.
Florida courts have consistently recognized that in snatching situations, the element of force as defined herein distinguishes the offenses of theft and robbery. See Goldsmith v. State, 573 So.2d 445 (Fla. 2d DCA 1991)(snatching money from a person's hand did not involve force sufficient to elevate the offense from petit theft to robbery); A.J. v. State, 561 So.2d 1198 (Fla. 3d DCA 1990)(grabbing a camera from the victim's shoulder did not involve force sufficient to elevate the offense from petit theft to robbery); Walker, 546 So.2d at 1167 (snatching a gold chain from the victim's neck using only slight force necessary to take possession of the chain was theft rather than robbery); S.W., 513 So.2d at 1090-91 (stealthy taking of jewelry from a child during a game did not satisfy the force element of robbery and thus constituted theft); R.P., 478 So.2d at 1106 (snatching a purse without the use of force or putting in fear constituted theft rather than robbery). Likewise, the absence of the element of force sufficient to overcome a victim's resistance distinguishes Georgia's robbery by sudden snatching from Florida's robbery offense. The Georgia Code provision under which Robinson previously was convicted provides, in pertinent part:
(a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:
. . . . .
(3) By sudden snatching.
(b) A person convicted of the offense of robbery shall be punished by imprisonment for not less than one nor more than 20 years.
Ga.Code Ann. § 16-8-40 (1990). Georgia case law interpreting this provision makes clear that to establish robbery by sudden snatching, no force must be exerted beyond the effort of the robber to transfer into his possession the property taken from the owner. Hickey v. State, 125 Ga. 145, 53 S.E. 1026 (1906); see also Edwards v. State, 224 Ga. 684, 164 S.E.2d 120, 121 (1968); Pride v. State, 125 Ga. 748, 54 S.E. 686, 687 (1906); King v. State, 214 Ga.App. 311, 447 S.E.2d 645, 647 (1994); Byrd v. State, 171 Ga.App. 344, 319 S.E.2d 460, 462 (1984); Rivers v. State, 46 Ga.App. 778, 169 S.E. 260, 261 (1933). Resistance, which Florida requires to establish force in analogous situations, is not necessary to establish the Georgia crime. Edwards, 164 S.E.2d at 121; Hickey, 53 S.E. at 1026; Pride, 54 S.E. at 687; King, 447 S.E.2d at 647; Byrd, 319 S.E.2d at 461-62; Rivers, 169 S.E. at 261.[11]
Accordingly, the elements of Georgia's robbery by sudden snatching offense and Florida's robbery offense are not substantially similar. While Georgia's robbery by sudden snatching requires only the force necessary to remove property from a person, "snatching" of another's property will only amount to robbery in Florida if force sufficient to overcome the victim's resistance is used. We therefore quash the district court's decision to the extent it holds that force sufficient to remove property from a person satisfies Florida's force element.[12] We approve those decisions cited herein which recognize that, in a snatching situation in Florida, force sufficient to overcome a victim's resistance is necessary to establish robbery.
*888 Because the elements of Florida's robbery and Georgia's robbery by sudden snatching are not substantially similar, Robinson's Georgia conviction does not constitute a qualified offense for purposes of sentencing him as an habitual felony offender. We therefore quash the district court decision with directions to remand the cause to the trial court for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.
WELLS, Justice, concurring in part and dissenting in part.
I concur that the decision in the district court should be quashed.
However, I dissent from the reasons set forth in the majority opinion and in the remand to the trial court for resentencing under the guidelines. Rather, I adopt the reasoning and the result of Judge Ervin's concurring and dissenting opinion in the district court. I believe that Judge Ervin was specifically correct in concluding:
The fact that defense counsel conceded HFO status does not establish such status when it appears that the necessary predicate offenses are absent. See Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993), disapproved on other grounds, White v. State, 666 So.2d 895 (Fla.1996); Gahley v. State, 605 So.2d 1309 (Fla. 1st DCA 1992); Trott v. State, 579 So.2d 807 (Fla. 5th DCA 1991). Nevertheless, because of the defense's concession, the state did not have the opportunity to offer evidence establishing that Robinson's Georgia offense qualified as a predicate HFO offense. I would therefore reverse and remand the case to the trial court for further proceedings to determine whether Robinson may be sentenced as a habitual felony offender.
680 So.2d at 486.
Though I believe that the district court's decision must be quashed for the reasons stated by Judge Ervin, I agree with the following from the district court's majority opinion:
We agree with the Second and Third District Courts of Appeal to the extent that the act of stealthily picking a person's pocket, without any accompanying resistance or struggle, does not constitute robbery. Nevertheless, we find that the degree of force used in snatching someone's purse or other property from their person, even where that person does not resist and is not injured, is sufficient to satisfy the force or violence element of robbery in Florida.
Id. I would restate our holding in McCloud v. State, 335 So.2d 257 (Fla.1976), that "[a]ny degree of force suffices to convert larceny into a robbery." Id. at 258.
NOTES
[1] The cases with which Robinson certified conflict are: Goldsmith v. State, 573 So.2d 445 (Fla. 2d DCA 1991); A.J. v. State, 561 So.2d 1198 (Fla. 3d DCA 1990); Walker v. State, 546 So.2d 1165 (Fla. 3d DCA 1989); S.W. v. State, 513 So.2d 1088 (Fla. 3d DCA 1987); and R.P. v. State, 478 So.2d 1106 (Fla. 3d DCA 1985), review denied, 491 So.2d281 (Fla.1986).
[2] Florida's robbery statute is section 812.13, Florida Statutes (1993).
[3] Georgia's robbery by sudden snatching offense is codified as section 16-8-40(a)(3), Georgia Code Annotated (1990).
[4] Section 775.084(1)(a), Florida Statutes (1993), contains Florida's habitual felony offender provision.
[5] Section 775.084(1)(b), Florida Statutes (1993), contains Florida's habitual violent felony offender provision.
[6] Although the trial judge sentenced Robinson as an habitual felony offender, he found that Robinson was not an habitual violent felony offender, because the Georgia conviction for robbery by sudden snatching was not a crime of violence and thus did not qualify as a predicate offense allowing sentencing under section 775.084(1)(b), Florida Statutes (1993).
[7] The district court's comparison of the elements of Georgia's robbery by sudden snatching offense and Florida's robbery provision was proper in light of our decision in O'Neill v. State, 684 So.2d 720 (Fla.1996).
[8] Although the district court affirmed Robinson's conviction and sentence, it reversed and remanded for correction of two nominal errors. Robinson, 680 So.2d at 484. First, the district court ordered the trial court to vacate the portion of its order requiring Robinson to pay restitution on the severed robbery count for which he had been acquitted. Id. The district court also directed the trial court to correct its judgment to accurately reflect Robinson's current offense as a first-degree felony punishable by life imprisonment. Id. We do not address those issues here.
[9] After Royal, the Florida Legislature amended section 812.13, Florida Statutes, to provide that robbery occurs if force or intimidation is used "prior to, or contemporaneous with, or subsequent to the taking of the property and if [the force or intimidation] and the act of taking constitute a continuous series of acts or events." Ch. 87-315, Laws of Fla. This amendment superseded Royal, which held that force must be used prior to or while the taking is in progress, but it does not affect our reliance on Royal in the instant case.
[10] Although the crime in Colby was held to be larceny, it would be robbery under the current version of the robbery statute because the perpetrator used force to escape the victim's grasp. See supra note 9.
[11] We note that Georgia does make a distinction between robbery by sudden snatching and theft, but it does so on the basis of something other than resistance. If the taking is completed without the victim's knowledge, it is theft. If the taking is done with the victim's knowledge but without the victim's consent, it is robbery by sudden snatching. Hickey, 53 S.E. at 1027; King, 447 S.E.2d at 647; McNearney v. State, 210 Ga.App. 582, 436 S.E.2d 585, 586 (1993).
[12] Although we disapprove Andre in quashing this decision, we note that the offense in Andre would be robbery under the current version of the statute because the perpetrator used force to escape when the victim pursued him. See supra note 9.