787 So.2d 143 (2001)
Bernard OWENS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4780.
District Court of Appeal of Florida, Second District.
April 27, 2001.
James Marion Moorman, Public Defender, and Timothy J. Ferrari, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
For snatching a purse, Bernard Owens was charged with robbery. At his trial Owens moved for a judgment of acquittal on the ground that the evidence proved only theft, not robbery. The trial court denied the motion, and the jury convicted Owens as charged. We agree with Owens's assertion that the evidence failed to prove he committed robbery. Therefore, we reverse that conviction and remand with directions to enter a conviction for theft and to resentence Owens accordingly.
The victim testified that she was talking on a pay telephone when a man approached her from behind and "ripped my purse off my shoulder." She clarified that he "grabbed and snatched it." This "naturally" pulled on her and left a mark on her shoulder. Although it hurt when the man removed the victim's purse, he did not threaten her or try to injure her. The victim identified Owens as the man she saw running away with her shoulder bag.
Owens argued that the evidence did not establish the force necessary to prove robbery, and that the charge should be reduced to theft. To sustain a conviction for robbery, the State must prove that the theft was accomplished by "force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (1997). In snatching scenarios where the victims are not put in fear, the element of force is what distinguishes robbery from theft. Robinson v. State, 692 So.2d 883, 887 (Fla.1997). In Robinson, the court held that in order for a snatching of property to amount to robbery, "the perpetrator must employ more than the force necessary to remove the property from the person. Rather there must be resistance by the victim that is overcome by the physical force of the offender."[1] *144 Id. at 886. As an example, the Robinson court pointed to McCloud v. State, 335 So.2d 257 (Fla.1976), where the victim held fast to her purse after the perpetrator grabbed it, and let go only after she fell to the ground. 692 So.2d at 886.
The evidence here failed to prove the force necessary to sustain a robbery conviction under Robinson. The victim did not resist at all, nor was she held or struck. See Walker v. State, 546 So.2d 1165 (Fla. 3d DCA 1989). While the snatching produced a mark on her shoulder, her testimony established that the mark resulted merely from the force Owens employed to remove the purse. Cf. A.J. v. State, 561 So.2d 1198 (Fla. 3d DCA 1990) (holding that the force was insufficient to support a robbery conviction where the defendant grabbed a camera hanging from the victim's shoulder and fled).
We reverse Owens's robbery conviction and remand with directions to reduce his conviction to theft and to resentence him. The information charged that the value of the victim's purse was less than $300. Therefore, Owens's conviction must be for a crime specified in section 812.014(3), Florida Statutes (1997).
Reversed and remanded.
THREADGILL, A.C.J., and CAMPBELL, MONTEREY (Senior) Judge, concur.
NOTES
[1] The legislature abolished this requirement when it enacted section 812.131, Florida Statutes (1999), "Robbery by sudden snatching." To convict a defendant of that new crime, it is not necessary for the State to prove that the accused used more force than necessary to obtain the property or that the victim offered any resistance. Section 812.131 became effective on October 1, 1999. Ch. 99-175 § 3, at 974, Laws of Fla. It does not apply in this case because Owens committed this crime on February 4, 1998.