896 So.2d 878 (2005)
T.N., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-902.
District Court of Appeal of Florida, Second District.
March 2, 2005.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
T.N., a juvenile, seeks review of his designation as a serious or habitual juvenile offender, which the court imposed after adjudicating T.N. delinquent for committing the offense of robbery by sudden snatching. T.N. argues that his designation as a serious or habitual juvenile offender is improper because robbery by sudden snatching is not a qualifying offense under section 985.03(48), Florida Statutes (2003). We agree and reverse.
T.N. entered a plea of no contest to the charge of robbery by sudden snatching, which is prohibited by section 812.131, Florida Statutes (2003). The trial court placed T.N. in a high-risk program as a serious or habitual juvenile offender pursuant to section 985.03, which provides the following definition for serious or habitual juvenile offender:
(48) "Serious or habitual juvenile offender," for purposes of commitment to a residential facility and for purposes of records retention, means a child who has been found to have committed a delinquent act or a violation of law, in the case currently before the court, and who meets at least one of the following criteria:
(a) The youth is at least 13 years of age at the time of the disposition for the current offense and has been adjudicated on the current offense for:
1. Arson;
2. Sexual battery;
3. Robbery;
4. Kidnapping;
5. Aggravated child abuse;
6. Aggravated assault;
7. Aggravated stalking;
8. Murder;
9. Manslaughter;

*879 10. Unlawful throwing, placing, or discharging of a destructive device or bomb;
11. Armed burglary;
12. Aggravated battery;
13. Any lewd or lascivious offense committed upon or in the presence of a person less than 16 years of age; or
14. Carrying, displaying, using, threatening, or attempting to use a weapon or firearm during the commission of a felony.
T.N. argues that his designation as a serious or habitual juvenile offender is improper under section 985.03(48) because robbery by sudden snatching is not enumerated in that section. The State argues that the general reference to robbery in subsection (48)(a)(3) includes the offense of robbery by sudden snatching.
Robbery by sudden snatching and robbery are two separate offenses prohibited by two separate statutes. Robbery by sudden snatching is prohibited by section 812.131, which provides:
(1) "Robbery by sudden snatching" means the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that:
(a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or
(b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.
If the offender did not carry a firearm or other deadly weapon, as in this case, the offense is a third-degree felony. § 812.131(2)(b).
Robbery is prohibited by section 812.13, Florida Statutes (2003), which provides:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
If the offender did not carry a firearm or other deadly weapon, as in this case, the offense is a second-degree felony. § 812.13(2)(c).
Prior to the enactment of section 812.131, in order for a snatching to have constituted a robbery under section 812.13, the defendant must have used "`more than the force necessary to remove the property from the person,'" or enough force to overcome the victim's resistance. Owens v. State, 787 So.2d 143, 143-44 (Fla. 2d DCA 2001) (quoting Robinson v. State, 692 So.2d 883, 886 (Fla.1997)). The enactment of section 812.131 provided for a felony conviction for those robberies in which the defendant did not use force but "snatched" the property from the victim's person. Robbery by sudden snatching is one felony degree lower than robbery. Compare § 812.131(2) with § 812.13(2).
This case is analogous to Smith v. State, 891 So.2d 1133 (Fla. 4th DCA 2005), in which the Fourth District reversed a prison releasee reoffender sentence which was imposed for the offense of robbery by sudden snatching. While the prison releasee reoffender statute provided for a mandatory minimum sentence for the enumerated offense of robbery, the offense of robbery by sudden snatching was not enumerated in the statute. Id. at 1133. The Fourth District held that the crimes were too different *880 for robbery by sudden snatching to be included under the offense of robbery because "robbery requires the use of force, violence, assault, or putting in fear, section 812.13, while robbery by sudden snatching does not." Id.; see also Brooks v. State, 837 So.2d 1125 (Fla. 4th DCA 2003) (holding that a defendant could not be sentenced as a habitual violent felony offender based on the offense of carjacking because carjacking was not included under the enumerated offense of robbery).
We conclude that the offense of robbery by sudden snatching is too dissimilar to robbery for the general reference to robbery in section 985.03(48)(a)(3) to include the offense of robbery by sudden snatching. Robbery by sudden snatching and robbery are classified as separate offenses, and convictions for both crimes arising out of the same transaction would not violate double jeopardy. Robbery requires an element that robbery by sudden snatching does not  the use of force, violence, assault, or putting in fear; robbery by sudden snatching likewise requires an element that robbery does not  that the victim become aware of the taking in the course of the taking.
Our conclusion on this issue is supported by the supreme court's decision in Robinson that a prior Georgia conviction for robbery by sudden snatching did not constitute a qualifying offense under the habitual felony offender statute. 692 So.2d at 887-88. Like the statute in this case, the habitual felony offender statute included robbery as a qualifying offense but did not include robbery by sudden snatching. The court analyzed the elements of both crimes and determined that the offense of robbery by sudden snatching in Georgia was not substantially similar to the offense of robbery in Florida due to the absence of a force requirement in the Georgia statute. Id. Section 812.131 was enacted after Robinson was decided, and it is comparable to the Georgia statute as interpreted by case law in Georgia.
Because the offense of robbery by sudden snatching is not substantially similar to the offense of robbery, the general reference to robbery in section 985.03(48)(a)(3) does not include the offense of robbery by sudden snatching. Therefore, the trial court erred in designating T.N. as a serious or habitual juvenile offender. We reverse and remand for resentencing.
Reversed and remanded.
SALCINES and WALLACE, JJ., Concur.