PER CURIAM.
We reverse the trial court’s order denying appellant’s rule 3.800(a) motion to correct illegal sentence and remand for resen-tencing.
In November, 2008, a jury found appellant guilty of domestic battery by strangulation, a third degree felony typically punishable by up to five years in prison. The court sentenced him as a habitual felony offender (HFO) to an enhanced sentence of ten years in prison. To qualify him as an HFO, the trial court relied on a September, 2003 conviction entered in Texas. The motion to correct illegal sentence at *519 issue argued that the Texas conviction was not a “qualified offense” under the HFO statute.
Section 775.084(l)(e), Florida Statutes (2002), provides:
(e) “Qualified offense” means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
Id. Interpreting this section, the Florida Supreme Court has explained:
Under this statutory definition, a similarity in elements of the offenses being compared, coupled with a penalty for the out-of-state conviction in excess of one year’s imprisonment, will render an out-of-state conviction a “qualifying offense.” The plain language of this statutory definition also indicates that the label given the out-of-state offense by the other jurisdiction is not controlling. The penalty provision ensures that the other jurisdiction provides a penalty that would make the offense a felony in Florida. Hence, if the other jurisdiction provides a penalty of a year or less for an offense, that offense cannot serve as a “qualifying offense” in Florida because such a penalty makes the offense a misdemean- or in Florida.
O’Neill v. State, 684 So.2d 720, 721 (Fla. 1996).
The trial court denied appellant’s motion and determined that the Texas conviction qualified. The court noted that the Texas offense is labeled a felony and that appellant was sentenced to 18 months incarceration for the offense. The court found that the Texas offense was “substantially similar” to the felony version of fleeing to elude a law enforcement officer. § 816.1935(2), Fla. Stat. (2003).
Because a “qualified offense” must be substantially similar to a “felony” offense in Florida at the time of its commission, we must disagree. The Texas offense would have been a misdemeanor if committed as charged in Florida in 2003. Appellant therefore, has established that his Texas conviction is not a “qualified offense.”
Appellant committed the Texas offense on May 22, 2003. He was charged and convicted of evading arrest or detention. The Texas statute in effect at the time provided:
(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.
(b) An offense under this section is a Class B misdemeanor, except that the offense is:
(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;
(2) felony of the third degree if:
(A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; or
(B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
(3) a felony of the second degree if another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to appre *520 hend the actor while the actor is in flight.
§ 38.04, Texas Penal Code (2002). Appellant was convicted of the “state jail felony” version of the offense in that he used a vehicle to flee the officer. A “state jail felony” in Texas is punishable “for any term of not more than two years or less than 180 days.” § 12.35, Texas Penal Code (2001).
The trial court found that this offense was substantially similar to the felony form of fleeing to elude a law enforcement officer. In Florida, the fleeing to elude statute in effect in May, 2003 provided in relevant part:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 316.1935, Fla. Stat. (2002). The felony form of fleeing to elude required aggravating factors, that is, the officer must have been in a marked vehicle with lights and siren activated. These aggravating factors were not elements of the Texas offense. The Texas offense was enhanced to a felony based solely on the use of a vehicle. In contrast, at the time of the Texas offense, fleeing and eluding in a vehicle (without the aggravating factors) was merely a misdemeanor in Florida.[1]
Appellant is correct that our “substantial similarity” analysis must focus solely on the statutory elements of the offenses and not on the underlying facts or conduct which are not elements. See Gonsalves v. State, 830 So.2d 265, 267 (Fla. 2d DCA 2002); see also Dautel v. State, 658 So.2d 88, 90 (Fla.1995) (“A conviction establishes only the elements of the crime, and does not include underlying facts or conduct which are not elements of the offense.”).
In Robinson v. State, 692 So.2d 883 (Fla.1997), the Florida Supreme Court held that a conviction under Georgia’s robbery by sudden snatching statute was not a “qualified offense” under the HFO statute. The law in Florida at the time required some use of force beyond that necessary to remove the property from the other person, that is, there had to be resistance by the victim overcome by the force of the offender. Id. at 886-87. Because the Georgia statute did not contain similar requirements, the Florida Supreme Court concluded that the elements of the Georgia robbery by sudden snatching offense was not substantially similar to Florida’s rob *521 bery offense. Id. at 887. The robbery by sudden snatching would have been a misdemeanor theft under Florida law at the time. Implicit in Robinson’s holding is the conclusion that a “qualified offense” under the HFO statute must be substantially similar to a “felony” offense in Florida, not just any offense.
The Texas offense was not substantially similar to the felony form of fleeing to elude that was in effect in Florida in 2003. Nor has the State or the trial court identified any other substantially similar felony under Florida law in 2003.[2]
For the above reasons, appellant has established that his Texas conviction was not a qualified offense for sentencing him as an HFO. The trial court’s order denying appellant’s motion is reversed, and this matter is remanded for a new sentencing hearing at which the State may attempt to present evidence of another qualified offense sufficient to support HFO sentencing. Because appellant has served more than the statutory maximum sentence that would be allowed absent the HFO designation, the trial court shall expedite the proceedings on remand.

Reversed and remanded with directions.

MAY, CIKLIN and LEVINE, JJ., concur.

. Florida’s fleeing to elude statute was amended in 2004 and now provides that fleeing to elude a law enforcement officer is a third degree felony (even if the officer did not activate lights and siren). § 316.1935(1), Fla. Stat. (2004). However, there is no dispute that our analysis must look to the similarity between the offenses under the law in effect in 2003 when the out-of-state offense was committed. See Hankins v. State, 42 So.3d 871, 873 n. 3 (Fla. 2d DCA 2010).

. The Texas offense of evading arrest may be similar to resisting an officer without violence under section 843.02, Florida Statutes (2002), which applies where a defendant flees an officer knowing the officer is attempting to make a lawful arrest. See Clark v. State, 976 So.2d 1225, 1226 (Fla. 4th DCA 2008). Resisting an officer without violence, however, is a misdemeanor. Unlike the Texas statute, Florida law does not provide for aggravation of this offense to a felony where a vehicle is used.