**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4455**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

RICHARD ARTHUR ORR,

          Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:15-cr-00059-RLV-DCK-1)

Submitted: March 31, 2017               Decided: April 21, 2017

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Parke Davis, Interim Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Arthur Orr appeals from his 180-month sentence, entered pursuant to his guilty plea to possession of a firearm by a convicted felon. At sentencing, Orr was found to be an armed career criminal. On appeal, he contends that his prior Florida robbery convictions were improper predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), and, as such, he was wrongly sentenced under the ACCA. We affirm.

The ACCA applies only if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A felony is considered "violent" only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B). The Supreme Court has held that "'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

We look to state law to determine the minimum conduct required to commit an offense. *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016), *petition for cert. filed* (Mar. 17, 2017) (No. 16-8435). Florida law defines robbery as

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

Orr proffers various arguments in support of his contention that his Florida robbery convictions do not satisfy the ACCA's definition of a violent felony. First, Orr relies on our decision in *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), which held that North Carolina common-law robbery is categorically not an ACCA predicate. In *Gardner*, we first examined whether "the minimum conduct necessary for a violation under state law" satisfies the "violent force" threshold described in *Johnson*. We concluded that, because "even de minimis contact can constitute the 'violence' necessary for a [North Carolina] common law robbery conviction," the offense does not qualify as an ACCA predicate. *Gardner*, 823 F.3d at 803. Orr contends that the Florida and North Carolina statutes and interpreting case law are functionally equivalent.

However, the Eleventh Circuit has concluded that a Florida robbery conviction under § 812.13(1) categorically qualifies as a "crime of violence" under the force clause of the career offender guidelines, which contains a force clause identical to the force clause in the ACCA. *United States v. Lockley*, 632 F.3d 1238, 1240 & n.1 (11th Cir. 2011). The court explained that § 812.13(1) requires either the use of force or violence, the threat of imminent force or violence coupled with apparent ability, "or some act that puts the victim in fear of death or great bodily harm." *Id.* at 1245. The court found "it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *Id.* Thus, the Eleventh Circuit held that a conviction under § 812.13(1) categorically qualified as a predicate under the force clause of the career offender guidelines. *Id.* The Eleventh Circuit has since confirmed the continued validity of *Lockley*'s holding, even in light of more recent

3

developments. *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016) (finding that *Lockley* was binding on the question of whether the defendant's Florida robbery conviction qualified as an ACCA predicate under the force clause), *petition for cert. filed* (Nov. 8, 2016) (No. 16-7883); *United States v. Seabrooks*, 839 F.3d 1326, 1342–43 (11th Cir. 2016) (same), *petition for cert. filed* (Feb. 16, 2017) (No. 16-8072).

While Orr correctly notes that these cases did not explicitly address whether the force required under the Florida robbery statute encompassed minimal-force offenses, all of the cited Eleventh Circuit cases were decided after the Supreme Court's decision in *Johnson*, which outlined the level of force required by the ACCA. Moreover, Florida state court decisions also support the conclusion that more than de minimis force is required for a robbery conviction. *See Robinson v. Florida*, 692 So. 2d 883, 886-87 (Fla. 1997) (holding that robbery requires showing of more force than that required simply to remove the property from the victim and that "there must be resistance by the victim that is overcome by the physical force of the offender"); *Owens v. Florida*, 787 So. 2d 143, 144 (Fla. Dist. Ct. App. 2001) (finding that, absent resistance or the holding or striking of the victim, the showing of force was insufficient to sustain conviction). Given the weight of the case law, we find that, contrary to Orr's argument, more than *de minimis* force is required under the Florida robbery statute, thus distinguishing this case from *Gardner*.

Next, Orr argues that, even if Florida's robbery statute currently requires more than *de minimis* force, this was not the case prior to the *Robinson* decision in 1997. Thus, all of Orr's Florida convictions which took place prior to 1997 (all but one of his robbery convictions) were improper ACCA predicates. The ACCA analysis is indeed a

4

backwards-looking inquiry that requires the court to consult the law at the time of the prior conviction. *McNeill v. United States*, 563 U.S. 816, 820 (2011). If there is a "realistic probability, not a theoretical possibility" that the state statute would have applied to conduct outside of the ACCA's definition of a "violent felony," then the state conviction is not an appropriate predicate. *See Gardner*, 823 F.3d at 803.

In *Fritts*, the Eleventh Circuit rejected a claim identical to Orr's, ruling that Florida's robbery statute has never included "mere snatching" because such a theft does not involve the degree of physical force necessary to sustain a robbery conviction. 841 F.3d at 942. The Eleventh Circuit ruled that, when the Florida Supreme Court decided *Robinson*, the Florida Supreme Court stated "what the statute always meant." *Id*. at 943. Based on the decision in *Fritt* and the limited relevance of Orr's cited supporting case law regarding pre-1997 law, we find that he has failed to show a "realistic probability" that, prior to 1997, the Florida robbery statute would be extended to non-violent crimes outside of the ACCA's definition.

Next, Orr contends that, even if the Florida statute has always required "violent" force, the offense would still not qualify as an ACCA predicate because the "putting in fear" component does not satisfy the force clause. Orr points to a "robbery by poison" to demonstrate a crime that would satisfy the Florida statute but not arise from violent, physical force. Orr relies on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), which examined a California statute criminalizing a threat "to commit a crime which will result in death or great bodily injury." We ruled that the crime did not constitute a crime of violence under the Guidelines, reasoning that a crime may result in

5

death or serious injury without the use of physical force, such as in a case of poisoning. *Id.* at 166-69.

However, after *Torres-Miguel*, the Supreme Court held that the use of force in a poisoning is the "act of employing poison knowingly as a device to cause physical harm"; thus the administration of poison is the use of force, just as pulling the trigger of a gun is the use of force. *Castleman v. United States*, 134 S.Ct. 1405, 1414-15 (2014) (considering a state force clause and expressly declining to determine whether the statute required violent force under *Johnson*'s definition). Moreover, we have even more recently rejected the same argument proffered by Orr as applied to the federal bank robbery statute, noting that defendants failed to identify "a single bank robbery prosecution where the victim feared bodily harm from something other than violent physical force." *United States v. McNeal*, 818 F.3d 141, 156 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 164 (2016); *see also Lockley*, 632 F.3d at 1245 (finding "it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force"). Again, Orr's supporting case law is too equivocal to show a realistic probability that the Florida robbery statute would be applied to actions insufficient to satisfy the ACCA definition of a crime of violence.

Finally, Orr contends that his robbery convictions do not satisfy the force clause because the offense does not require an intentional use of force. Orr admits that our decision in *Doctor* is essentially fatal to his claim. In *Doctor*, we held that, because the defendant had not identified a single South Carolina robbery case "based on accidental,

6

negligent or reckless conduct," there was not a "realistic probability" that South Carolina would punish that conduct. 842 F.3d at 311. While Orr contends that the "realistic probability" test is not applicable to a determination of whether a state predicate is a crime of violence, we decided otherwise in *Gardner*. 823 F.3d at 803. In both *Gardner* and *Doctor*, we looked to the lack of actual prosecutions for non-violent conduct under the relevant statute as one factor to be considered, along with state case law interpreting the statute, in determining the breadth of the statute. *See id.*; 842 F.3d at 311. Because Orr concedes that, if *Doctor* is applied, his claim is foreclosed, his claim is without merit.

Accordingly, we find that Orr's prior Florida robbery convictions constituted crimes of violence under the ACCA.[*] Thus, Orr was properly sentenced as an armed career criminal, and we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because Orr was sentenced to the statutory mandatory minimum under the ACCA, we decline to address Orr's claim that his Guidelines range was incorrectly calculated.