[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11876
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80002-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH ROY CONDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Roy Conde appeals his 204-month sentence, imposed after he pleaded guilty to one count of possession of a firearm and ammunition by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e).  Conde argues that the district court erred by sentencing him as an armed career criminal based on his three 1992 Florida robbery convictions under Fla. Stat. § 812.13.

We review de novo the district court's conclusion that a particular offense constitutes a "violent felony" under 18 U.S.C. § 924(e).  *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (per curiam).

Under the Armed Career Criminal Act (ACCA), any person who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or a serious drug offense, is subject to a mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated

2

crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

In 1997, the Florida Supreme Court held that, in order for the snatching of property from another to amount to robbery, "the perpetrator must employ more than the force necessary to remove the property from the person." *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997). The Court explained that the Florida robbery statute requires "resistance by the victim that is overcome by the physical force of the offender." *Id.*

In *United States v. Lockley*, we addressed whether a 2001 Florida attempted-robbery conviction qualified as a crime of violence under the elements clause of the career-offender provision of the Sentencing Guidelines. 632 F.3d 1238, 1240 (11th Cir. 2011); *see also United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (providing that "[c]onsidering whether a crime is a "violent felony" under the ACCA is similar to considering whether a conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) because the definitions for both terms are virtually identical." (internal quotation marks omitted)). We determined that the conviction categorically constituted a crime of violence under the clause. *Id.* at 1246.

In *Dowd*, we held that a 1974 conviction for Florida armed robbery was "undeniably a conviction for a violent felony" under the ACCA's elements clause.

*United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).  We reached this conclusion "without difficulty" and cited only the ACCA's elements clause.  *Id.*

In *Seabrooks*, we relied on *Lockley* to determine that a 1997 Florida robbery conviction constituted a violent felony under the ACCA.  *See United States v. Seabrooks*, 839 F.3d 1326, 1338–41 (11th Cir. 2016); *id.* at 1346 (Baldock, J. concurring); *id.* at 1346, 1350–51 (Martin, J. concurring).  The narrowest ground on which we agreed in *Seabrooks* was that, under *Lockley*, post-*Robinson* Florida armed robbery convictions categorically qualify as violent felonies under the ACCA's elements clause.  *See id.* at 1340; *id.* at 1346 (Baldock, J., concurring); *id.* at 1352 (Martin, J., concurring).

However, in *United States v. Fritts*, we concluded that, under *Dowd* alone, a pre-*Robinson* Florida armed robbery conviction qualifies as an ACCA violent felony under the elements clause.  841 F.3d 937, 940 (11th Cir. 2016).  We further determined that *Lockley*, *Robinson*, and other Florida Supreme Court law supported the qualification of Florida armed robbery as a violent felony.  *Id.* at 940–44.  In response to the defendant's argument that, before the Florida Supreme Court's 1997 decision in *Robinson*, only the slightest force was sufficient to convict a defendant of Florida robbery, we pointed out that the *Robinson* Court had made clear that the § 812.13 robbery statute had never included a theft or taking by mere snatching because snatching was theft only and did not involve the force

4

needed to sustain a robbery conviction under § 812.13(1).  *Id.* at 942–43.  In other words, Florida robbery has always required the "substantial degree of force" required by the ACCA's elements clause.  *See Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010).

The district court did not err by sentencing Conde as an armed career criminal based on his three 1992 Florida robbery convictions because Florida's robbery statute has always required violence beyond mere snatching, and, therefore, has as an element the use, attempted use, or threatened use of physical force against the person of another and qualifies as a violent felony under the elements clause of the ACCA.  Accordingly, we affirm.

**AFFIRMED.**