[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11082
Non-Argument Calendar
_____

D.C. Docket Nos. 8:15-cv-02018-SCB-MAP; 8:06-cr-00110-SCB-MAP-3

ERNEST KING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 25, 2018)

Before JULIE CARNES, FAY, and HULL, Circuit Judges.

PER CURIAM:

Ernest King, a federal prisoner serving a total sentence of 300 months' imprisonment, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence, arguing in relevant part that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), following the Supreme Court's decision in Samuel Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), because his pre-1997 Florida robbery and armed robbery convictions are not "violent felonies" under the ACCA's elements clause.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years (180 months) if he has three prior convictions for a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  A "violent felony" is any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In Samuel Johnson, the Supreme Court struck down the ACCA's residual clause as

2

unconstitutionally vague, but did not call into question the validity of the ACCA's enumerated crimes or elements clause. Samuel Johnson, 135 S. Ct. at 2563. Under the elements clause, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010).

Florida law defines robbery, in relevant part, as "the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear," and provides increased penalties for armed robbery. Fla. Stat. § 812.13(1)-(2). Prior to 1997, Florida's intermediate appellate courts were divided as to whether a sudden snatching amounted to robbery under § 812.13(1). See United States v. Welch, 683 F.3d 1304, 1311 & n.29 (11th Cir. 2012) (citing cases). In 1997, the Florida Supreme Court resolved this division, making clear the robbery statute had never included theft by mere snatching and had always required that the perpetrator employ force (1) greater than that necessary to simply remove the property from the victim and (2) sufficient to overcome the victim's resistance. See Robinson v. State, 692 So. 2d 883, 886-87 (Fla. 1997). Additionally, for purposes of robbery by putting in fear, "'[t]he fear contemplated . . . is the fear of death or great bodily harm'" under Florida law. United States v. Lockley, 632 F.3d 1238, 1242 (11th

3

Cir. 2011) (quoting Magnotti v. State, 842 So. 2d 963, 965 (Fla. 4th Dist. Ct. App. 2003) (alteration in original)).

On appeal, King argues that Florida robbery, whether committed before or after 1997, can never qualify as a violent felony under the ACCA's elements clause because the least of the acts criminalized by the Florida statute does not require the use, attempted use, or threatened use of violent force. Among other things, King contends that: (1) prior to 1997, Florida robbery included robbery by sudden snatching, which does not require violent force; (2) both before and after 1997, Florida courts have held that any degree of force, however slight, converts a theft offense into a robbery so long as the force used is sufficient to overcome the victim's resistance; and (3) robbery by putting in fear does not require either that the defendant intentionally put the victim in fear or that the defendant threaten the use of physical force.

King's arguments are unavailing. In United States v. Fritts, 841 F.3d 937 (11th Cir. 2016), cert. denied, 137 S. Ct. 2264 (2017), the defendant raised, and we rejected, these very same arguments. Consistent with our prior precedent, we held that Florida robbery, whether committed before or after 1997, categorically qualifies as a violent felony under the ACCA's elements clause. Id. at 939-44. First, relying in part on our prior decision in Lockley, we explained that even the least of the acts criminalized by the Florida robbery statute—robbery by putting in

4

fear—categorically qualified as a violent felony under the elements clause because "the fear contemplated by the statute is the fear of death or great bodily harm." Fritts, 841 F.3d at 941 (internal quotation marks omitted).  We determined that any act which causes the victim to fear death or great bodily harm would necessarily involve the use or threatened use of physical force against the victim.  Id. Likewise, each of the other means of committing Florida robbery—use of force, violence, and assault—by definition "specifically require[s] the use or threatened use of physical force against the person of another."  Id. (internal quotation marks omitted).

In Fritts, we further explained that the Florida Supreme Court's decision in Robinson and the earlier Florida cases on which Robinson relied demonstrated that the Florida robbery statute had never encompassed robbery by sudden snatching and had always required the use or threatened use of sufficient physical force to overcome the victim's resistance.  Id. at 942-43; see also Robinson, 692 So. 2d at 886-87 (stating: "[I]n order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person.  Rather, there must be resistance by the victim that is overcome by the physical force of the offender.").  Thus, unlike the simple battery statute at issue in Curtis Johnson, which could be violated by mere touching, slight force was insufficient to sustain a Florida robbery conviction.  Fritts, 841 F.3d at

5

942-43.  Indeed, we noted that, as early as 1922, the Florida Supreme Court had held: "'There can be no robbery without violence, and there can be no larceny with it.  It is violence that makes robbery an offense of greater atrocity than larceny.'"  Id. at 943 (quoting Montsdoca v. State, 93 So. 157, 159 (Fla. 1922)).

Consequently, given Lockley and Fritts, King's challenge to his ACCA sentence fails, and the district court did not err in denying his § 2255 motion.  See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Accordingly, we affirm the district court's order dismissing King's § 2255 motion.

**AFFIRMED.**