[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11886
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00486-JSM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARVESTER LAMONICA ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Arvester Anderson was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), (e).  The district court sentenced Anderson to 180 months' imprisonment under the Armed Career Criminal Act (ACCA).  Anderson now appeals, arguing that his Florida convictions for robbery and drug possession are not predicate offenses under the ACCA.  We disagree and affirm.

I.

Anderson first argues that his Florida robbery convictions under Fla. Stat. § 812.13 are not violent felonies because they occurred prior to the Florida Supreme Court's decision in *Robinson v. State*, 692 So. 2d 883 (Fla. 1997).

We review de novo whether a prior conviction is a violent felony under the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  Federal law determines the meaning of the ACCA, but we are bound by the Florida Supreme Court's interpretation of its state law offenses.  *Curtis Johnson v. United States*, 559 U.S. 133, 138 (2010).

The Supreme Court recently affirmed our holding that robbery under Fla. Stat. § 812.13 is a violent felony under the ACCA.  *Stokeling v. United States*, 139 S. Ct. 544, 549–50 (2019) ("Florida robbery qualifies as an ACCA-predicate offense under the elements clause.").  And in *United States v. Fritts*, 841 F.3d 937, 940–42 (11th Cir. 2016), we concluded that pre-*Robinson* robbery convictions are violent felonies under the elements clause because *Robinson* did not announce a

2

new rule of law, but merely announced what "the statute always meant." *Stokeling* and *Fritts* thus foreclose Anderson's argument. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (prior panel precedent rule).

## II.

Anderson next argues that his drug possession conviction under Fla. Stat. § 893.13 should not qualify as a serious drug offense under the ACCA because the statute lacks a mens rea requirement.

We review de novo whether a conviction qualifies as a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). In *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), we held that a conviction under Fla. Stat. § 893.13 is a "serious drug offense" under the ACCA. We explicitly rejected the argument that the crime must contain a mens rea element to qualify as a serious drug offense under the ACCA. *Id*. *Smith* thus forecloses Anderson's argument to the contrary. *See Vega-Castillo*, 540 F.3d at 1236.

## III.

The district court correctly applied binding precedent to conclude that Anderson's prior Florida convictions for robbery and drug possession were predicate offenses under the ACCA. Accordingly, we affirm.

**AFFIRMED.**

3