[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10578

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER ALEXANDER NERIUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80053-RAR-1

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Christopher Nerius appeals his 84-month sentence for possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C). At sentencing, the district court classified Nerius as a "career offender" under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1, based on prior Florida convictions for selling cocaine, *see* Fla. Stat. § 893.13, and for robbery, *see* Fla. Stat. § 812.13. Challenging this designation on appeal, Nerius argues that the prior drug convictions are not predicate "controlled substance offense[s]" under the career-offender guideline because § 893.13 lacks a *mens rea* element and includes drugs that are not considered controlled substances under federal law. He also contends that the robbery conviction does not qualify as a predicate "crime of violence" because § 812.13 does not categorically have intentional force as an element. Because Nerius's arguments are either foreclosed by binding precedent or insufficient to establish plain error, we affirm.

We ordinarily review *de novo* a district court's decision to classify a defendant as a career offender under § 4B1.1. *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010). But we review for plain error issues raised for the first time on appeal. *United States v. Morel*, 63 F.4th 913, 917 (11th Cir. 2023). "Under plain-error review, we can reverse only if the error is plain, affects substantial rights, and seriously affects the fairness, integrity, or

public reputation of the judicial proceeding." *Id.* (quotation marks omitted).

A defendant is classified as a "career offender" under the guidelines if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" includes a state or federal felony offense "that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). A "crime of violence" includes a state or federal felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1).

Here, Nerius has not shown that the district court erred in classifying him as a career offender. We start with his drug convictions under Fla. Stat. § 893.13(1)(a), which makes it unlawful to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). "[K]nowledge of the illicit nature of a controlled substance is not an element" of this offense. *Id.* § 893.101(2).

Nerius contends that § 893.13(1) is not categorically a "controlled substance offense" under the career-offender guideline because it does not require proof of *mens rea* as to the illicit nature of the controlled substance. As he acknowledges, though, we have "squarely held that the definition of 'controlled substance offense' in § 4B1.2 does not require that a predicate state drug offense

include an element of *mens rea* with respect to the illicit nature of the controlled substance." *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (reaffirming *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014)). Thus, we do not refer to "statutory federal analogues in considering § 893.13 because . . . the sentencing guidelines did not define 'controlled substance offense' by reference to those analogues and the sentencing guidelines definition [i]s unambiguous." *Pridgeon*, 853 F.3d at 1198. So Nerius's § 893.13 drug convictions qualify under § 4B1.2 despite the lack of a *mens rea* element. *See Smith*, 775 F.3d at 1267.

Nerius believes that our precedent on this point is wrong, but we are bound to apply *Pridgeon* and *Smith*. That's because "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Nerius also contends that the district court erred by failing to apply a federal definition for the term "controlled substance," which is undefined in the guidelines. In his view, a state statute "can only qualify as a predicate offense if it also necessarily involved a federally-controlled substance and defines controlled substances the same as, or more narrowly than, the federal definition," as derived from the federal drug schedules. Because Florida law prohibits the possession of controlled substances that "are not on the federal schedule," he reasons, the statute is overbroad and fails the categorical approach.

We review this argument for plain error because it was not raised below. *See Morel*, 63 F.4th at 917. Nerius cannot establish plain error. As he notes, there is a circuit split on this issue. *Compare, e.g.*, *United States v. Bautista*, 989 F.3d 698, 702 (9th Cir. 2021) (holding that the term "controlled substance" in § 4B1.2(b) refers to a controlled substance under federal law, not state law), *with United States v. Lewis*, 58 F.4th 764, 768–69 (3d Cir. 2023) (holding "that drugs regulated by state (but not federal) law are still controlled substances" for purposes of § 4B1.2). We have not directly resolved this issue.

Under our precedent, "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000). Because other circuits are split on the definition of "controlled substance" under § 4B1.2, and neither this Court nor the Supreme Court has directly spoken on the matter, Nerius cannot show plain error.

Finally, Nerius argues that his robbery conviction under Fla. Stat. § 812.13 does not qualify as a predicate "crime of violence" because the offense can be committed without the use, attempted use, or threatened use of *intentional* force. Again, though, this argument is foreclosed by binding precedent, as he concedes.

Florida law defines robbery as "the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). This statute requires

"resistance by the victim that is overcome by the physical force of the offender." *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997).

In *United States v. Lockley*, we held that a conviction under § 812.13(1) qualified as a "crime of violence" for purposes of the career-offender guideline because it has as an element the "use, attempted use, or threatened use of physical force against the person of another." 632 F.3d 1238, 1245 (11th Cir 2011) (quoting U.S.S.G. § 4B1.2(a)(1)); *see also Stokeling v. United States*, 139 S. Ct. 544, 554–55 (2019) (holding that Florida robbery under § 812.13(1) qualifies as a violent felony under the Armed Career Criminal Act's elements clause). We noted that the statute required the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm. *Lockley*, 632 F.3d at 1245. And we reasoned that it was "inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *Id.*

Nerius maintains that the panel in *Lockley* misapplied the categorical approach and failed to consider *Leocal v. Ashcroft*, 543 U.S. 1 (2004). But as he concedes, our prior-panel-precedent rule admits no exception for "overlooked or misinterpreted Supreme Court precedent." *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016) (reaffirming *Lockley*). So we conclude that his Florida robbery conviction qualifies as a "crime of violence."

Because Nerius has at least two prior convictions for a "controlled substance offense" or a "crime of violence," the district

court properly classified him as a career offender under § 4B1.1. We affirm his sentence.

**AFFIRMED.**